ACKERMANN & TILAJEF, P.C.
Craig J.Ackermann, Esq. (State Bar No. 229832)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MICHAEL MALK, ESQ. APC
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 251-2726
Facsimile: (310) 277-0635

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Plycon Van Lines, Inc. d/b/a Plycon Transportation Group,

Defendant.

Case No. CV08-01492 VBF (MANx)

**COLLECTIVE ACTION**
**[29 U.S.C. § 216(b)]**

**PLAINTIFFS' ORIGINAL COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, UNLAWFUL DEDUCTIONS FROM WAGES; INACCURATE WAGE STATEMENTS; FAILURE TO PAY WAGES DUE ON TERMINATION OF EMPLOYMENT; AND ATTORNEYS' FEES AND COSTS**

Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, Jose B. Tec Temayo ("Plaintiffs"), individually and on behalf of all others similarly situated, as and for an Original Collective Action Complaint ("Complaint") against Defendant Plycon Van Lines, Inc. d/b/a Plycon Transportation Group ("Defendant Plycon"), on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, allege as follows:

I.

**JURISDICTION**

1. This Court has subject matter jurisdiction over Plaintiffs' federal claim pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 28 U.S.C. § 1337. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendant.

II.

**VENUE**

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because all or a substantial part of the events or omissions giving rise to the claims at issue occurred in Torrance, California in the County of Los Angeles within this District and this Division. Defendant Plycon maintains offices, transacts business, has agents and is found in Los Angeles County. Plaintiffs and similarly situated employees were employed by Defendant Plycon in Torrance, California in Los Angeles County within this District and this Division.

III.

**INTRODUCTION**

3. Plaintiffs bring claims individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b), on behalf of other packers, loaders, helpers, carpenters and maintenance employees employed by, or formerly employed by, Defendant Plycon at its facilities located in Torrance and Hayward, California. The collective action claims are for overtime compensation, liquidated damages or interest, and attorneys' fees and under FLSA §§ 207 and 216(b).

IV.

**THE PARTIES**

A. **Plaintiffs**

4. Plaintiff Mariano Oseas Esequiel Dzul Cetz, who resides in Los Angeles County, California, is a former employee of Plycon who worked for Plyconas a loader and a carpenter from around August 2004 through December 21, 2007 at its facility located in Torrance, California. As a loader and carpenter for Plycon, Plaintiff Dzul regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week

5. Plaintiff Jaime Lemus, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a packer, loader and helper from around December 2004 through December 21, 2007 at its facility located in Torrance, California. As a packer, loader, and helper for Plycon, Plaintiff Dzul regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week

6. Plaintiff Mariano Menjivar, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a maintenance man from around October 1, 1998 through December 21, 2007 at its facility located in Torrance, California. As a maintenance man for Plycon, Plaintiff Menjivar regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week

7. Plaintiff Jose B. Tec Temayo, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a loader and packer from around August

20, 2004 through December 22, 2007 at its facility located in Torrance, California. As a loader and packer for Plycon, Plaintiff Menjivar regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week.

**B. Defendant**

8. Defendant Plycon Van Lines, Inc. is a corporation incorporated under the laws of the State of New York transacting millions of dollars of business in California and across the nation transporting household items, furniture and other goods around the United States. Among other things, Defendant Plycon owns and operates warehouse and distribution facilities in Torrance and Hayward, California.

9. At all times from March 4, 2005 through the present (the "Actionable Period"), Defendant Plycon was and has been an "enterprise engaged in commerce" for purposes of the FLSA with annual sales significantly exceeding $500,000. Significantly, during the Actionable Period, Defendant Plycon employed numerous employees, including Plaintiffs, who were engaged in activities constituting "interstate commerce" under the FLSA, including, inter alia, packing, loading and shipping furniture and other goods for transport from California to other states. In addition, Defendant Plycon employed numerous other employees who were involved in transporting such furniture and goods by driving on road from California to locations in other states.

10. Service of the Summons and Plaintiffs' Original Complaint will be effectuated by serving Defendant Plycon's registered agent for service of process in California: Dean Plyconis, 4240 West 190th Street, Suite C, Torrance, California 90504.

V.

**FACTUAL ALLEGATIONS**

11. At various times during the Actionable Period, Plaintiffs worked for Defendant Plycon as packers, loaders, helpers, carpenters and maintenance employees (collectively, "warehouse employees") at Defendant Plycon's facility located in Torrance, California.

12. As packers, loaders, and helpers for Defendant Plycon, several Plaintiffs' job duties included, among other things, packing and loading furniture and other movable items for transportation and shipping of such items from California to locations in other states. As maintenance men and carpenters for Defendant Plycon, several Plaintiffs' job duties included, among other things, inspecting the docks, assisting with loading, painting and routine repairs, and maintenance work.

13. As an entity with more than $500,000 in annual sales with numerous employees engaged on an annual basis in the packing, loading, shipping and transport of furniture and goods from California to other states and vis-a-versa, Defendant Playcon at all times relevant hereto was and is an enterprise subject to the jurisdiction of the FLSA.

14. During the Actionable Period, Plaintiffs' job duties were similar, if not identical to, the job duties of other current and former packers, loaders, helpers, carpenters and maintenance men employed by Defendant Plycon at its facilities located in Torrance and Hayward, California

15. During the Actionable Period, at its Torrance facility, Defendant Plycon employed at least 35 of more packers, including some Plaintiffs; 4 or more loaders, including some Plaintiffs; 9 or more helpers, including some Plaintiffs; and 1 maintenance man. Upon information and belief, its facility located in Hayward, California, Defendant Plycon employed an additional equivalent number of packers, loaders, helpers and maintenance men in each job category as it did at its

Torrance facility.

16. During the Actionable Period, Defendant Plycon paid an hourly salary in amounts ranging from $8 to $10 per hour to Plaintiffs and all similarly situated warehouse employees employed at Defendant Plycon's facilities located in Torrance and Hayward, California.

17. During the Actionable Period, Defendant's Plycon's warehouse employees, including Plaintiffs, routinely worked significantly more than 40 hours per week of compensable time for Defendant Plycon's facilities located in Torrance and Hayward, California.

18. During the Actionable Period, Defendant did not pay its warehouse employees, including Plaintiffs, for all overtime hours worked by them at the legally-required rate of 1.5 times their regular rate of pay. Instead, as shown clearly by Defendant's itemized wage statements issued to Plaintiffs during the Actionable Period, Defendant Plycon compensated all warehouse employees employed in California, including Plaintiffs, who worked overtime hours, at a straight-rate of pay for their overtime hours; that is, at their regular hourly rates of pay for all overtime hours worked.

19. Defendant was aware of, encouraged, and required the long hours worked by its California warehouse employees, including Plaintiffs, during the Actionable Period. Indeed, the overtime hours worked by all warehouse employees employed in California, including Plaintiffs, are set forth on the itemized wage statements issued to Plaintiffs and all similarly situated warehouse employees during the Actionable Period. Upon information and belief, Defendant Plycon's illegal compensation and pay policies were the same at both of its California facilities.

20. Defendant's failure to pay overtime wages due to Plaintiffs and all similarly situated warehouse employees employed by Defendant Plycon in California during the Actionable Period, is, and has been, willful and deliberate. Specifically, Defendant Plycon knew that its warehouse employees in California, including Plaintiffs, were not being paid overtime wages for their working

hours over 8 per day and over 40 per week during the Class Period.

21. In addition, during the Actionable Period, Defendant Plycon made weekly illegal deductions in amounts ranging from $4 to $8 per employee from the paychecks of Plaintiffs and all similarly situated warehouse employees in California, which were itemized on its employees' itemized wage statements as "deductions" for "uniforms".

22. Defendant Plycon made deductions for "uniforms" from its California warehouse employees' wages willfully, unlawfully and without having secured written authorizations for the deductions from its warehouse employees, including Plaintiffs, employed in California during the Actionable Period, and without having any legal basis for doing so.

23. Defendant Plycon has adopted, and is using, unfair business practices to minimize hourly-paid employees' compensation and increase profits. Among these unfair business practices are failing to pay overtime wages to warehouse employees in California, including Plaintiffs and similarly situated employees, and illegally deducting amounts from the wages of warehouse employees in California, including Plaintiffs and similarly situated employees, to pay for "uniforms".

24. Although Plaintiffs' employment with Defendant Plycon has ended, Defendant Plycon has never compensated them or any other similarly situated former employees for their overtime wages due to them and/or for the illegal deductions from wages due to them as a result of Defendant Plycon's failure to pay overtime wages and/or illegal deductions from their wages.

25. Defendant Plycon's failure to pay all wages due to Plaintiffs and other former warehouse employees of Defendant in California upon termination of their respective employment with Defendant Plycon was willful and constituted a violation of California law, as described further below.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA. In addition to Plaintiffs, numerous current and former warehouse employees of Defendant Plycon in Calfiornia are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation for at least three years prior to the filing of this Complaint. Plaintiffs are representatives of those other current and former warehouse employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant Plycon and are readily identifiable, and may be located through Defendant Plycon's records. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## VII.

## FIRST CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM

## DENIAL OF OVERTIME COMPENSATION

## [FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]

27. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

28. Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29. Under the FLSA, 29 U.S.C. § 207, Defendant Plycon was and is obligated to compensate Plaintiffs and similarly situated warehouse employees in California for all hours worked in excess of 40 hours in a week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

30. During the Actionable Period, Plaintiffs and similarly situated warehouse employees in California were regularly permitted, encouraged, and/or required to work significantly in excess of forty (40) hours per week, but were not paid for all such overtime work at the legally-required overtime rate of 1.5 times their regular rate of pay. Instead, Defendant Plycon merely paid Plaintiffs and similarly situated warehouse employees in California their regular rate of pay for all overtime hours worked.

31. At all times relevant hereto, Plaintiffs and similarly situated current and former warehouse employees in California were non-exempt for purposes of the overtime requirements set forth in the FLSA. In addition, during the Actionable Period, Plaintiffs and other similarly situated

warehouse employees in California consistently worked more than 40 hours per week. The hours worked by Plaintiffs and other similarly situated warehouse employees in California are set forth on the weekly itemized wage statements issued by Defendant Plycon to Plaintiffs and all other similarly situated warehouse employees in California.

32. By failing to pay correctly overtime compensation due to Plaintiffs and similarly situated warehouse employees in California, Defendant Plycon willfully and knowingly violated the provisions of the FLSA which require overtime compensation to non-exempt employees. Accordingly, the three year statute of limitations applicable to willful violations of the FLSA applies here.

33. As a result of Defendant Plycon's policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiffs and similarly situated warehouse employees have been damaged.

34. As a result of the unlawful acts of Defendant Plycon, Plaintiffs and all similarly situated warehouse employees have been deprived of overtime compensation due to them in the amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. §216(b). Plaintiffs and other persons employed or formerly employed by Defendant Plycon as warehouse employees who may opt into this collective action pursuant to 29 U.S.C. § 216(b) request relief as described below.

**AS AND FOR THE SECOND CAUSE OF ACTION**

**DENIAL OF OVERTIME COMPENSATION**

**[Cal. Labor Code, §§ 510, 1194, and IWC Wage Order No. 9, § 3]**

35. Plaintiffs re-allege and incorporate by reference each and every allegation

set forth in the preceding paragraphs.

36. Section 510 of the Labor Code provides:

> "... Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee (*sic*) and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee..."

37. Section 3(a)(1) of Wage Order No. 9 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees in the transportation industry who work more than eight hours in a day or forty hours in a week, and two times their regular rate of pay for any work in excess of 12 hours in one day.

38. At all times relevant hereto, Plaintiffs and similarly situated current and former warehouse employees in California were non-exempt for purposes of the overtime and double-time pay requirements set forth in the California Labor Code and Wage Order No. 9. In addition, during the Actionable Period, Plaintiffs and other similarly situated warehouse employees in California consistently worked more than 8 hours per day and more than 40 hours per week. The hours worked by Plaintiffs and other similarly situated warehouse employees are set forth on the weekly itemized wage statements issued by Defendant Plycon to Plaintiffs and all other similarly situated warehouse employees.

39. By failing to correctly pay overtime compensation due to Plaintiffs and similarly situated warehouse employees in California, Defendant Plycon willfully and knowingly violated the provisions of California law, including the Labor Code and IWC

Wage Order NO. 9, which require overtime compensation to non-exempt employees.

40. As a result of Defendant Plycon's policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiffs and similarly situated warehouse employees have been damaged.

41. Defendant Plycon has acted or failed to act with malice, oppression and or in conscious disregard for the protected rights of Plaintiffs and similarly situated warehouse employees. As alleged herein, Defendant Plycon's actions or omissions were also reprehensible and in blatant violation of California law and public policy.

42. Under Section 1194 of the Labor Code, an employee receiving less than the legal overtime or double-time compensation applicable to the employee is authorized to bring suit for the unpaid balance of the full amount of the overtime or double-time compensation owed to him, including interest, reasonable attorney's fees and costs of the suit.

43. Accordingly, pursuant to Labor Code Section 1194, Plaintiffs seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial for themselves and for every similarly situated current and former warehouse employee who opts-in to this lawsuit.

**AS AND FOR THIRD CAUSE OF ACTION**

**FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**

**[Cal. Labor Code §§ 226 and 226.3]**

44. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

45. Section 226(a) of the California Labor Code provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee.

46. Section 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

47. As set forth above, during the Actionable Period, Defendant Plycon knowingly provided Plaintiffs and similarly situated warehouse employees in California with weekly inaccurate itemized wage statements containing inaccurate and unlawful rates of pay for overtime hours worked during all weekly pay periods occurring during the Actionable Period.

48. Defendant's failure to provide Plaintiffs and similarly situated warehouse employees with accurate itemized wage statements during the Actionable Period has caused

Plaintiffs and similarly situated current and former warehouse employees to incur economic damages.

49. As a result of Defendant Plycon's weekly issuance of inaccurate itemized wage statements to Plaintiffs and similarly situated current and former warehouse employees in California in violation of Labor Code § 226(a), Plaintiffs are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4000 per Plaintiff and for each and every similarly situated current and former employees who opts-in to this case from Defendant Plycon pursuant to §226(e) of the Labor Code.

**AS AND FOR FOURTH CAUSE OF ACTION**

**ILLEGAL DEDUCTIONS FROM WAGES**

**[Cal. Labor Code §§ 221, 224, 2802; IWC Wage Order NO. 9, § 9]**

50. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

51. Section 221 of the California Labor Code provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

52. Notwithstanding Section 221 of the Labor Code, Section 226 of the California Labor Code authorizes deductions from employee's wages in certain limited cases not applicable here, such as for payment of health insurance premiums, and only when such deductions are "expressly authorized in writing" by the employee.

53. Under California law, if an employer requires that an employee wear a uniform, the employer must pay the cost of the uniform. *See*, Labor Code Section 2802; *see,*

*also*, IWC Wage Order No. 9, Section 9 ("When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer").

54. During the Actionable Period, Defendant Plycon required Plaintiffs and other similarly situated warehouse employees to wear uniforms as a condition of their employment.

55. As noted above, during the Actionable Period, Defendant Plycon also deducted each week an amount ranging from $4 to $8 per employee from the wages of Plaintiffs and other similarly situated warehouse employees in California for the maintenance of their "uniforms".

56. Defendant Plycon never secured written authorizations for its deductions from wages of its warehouse employees, including Plaintiffs, nor would such authorizations have been effective, even if they existed, since expenses incurred for uniforms must be paid for by California employers.

57. Pursuant to Labor Code sections 218.5 and 2802(b) and (c), Plaintiffs and all similarly situated persons who opt-in to this case are entitled to recover their wages owed, i.e., those that were subject to illegal deductions for uniform expenses, as well as interest and attorneys' fees incurred in bringing this claim.

**AS AND FOR FIFTH CAUSE OF ACTION**

**FAILURE TO PAY COMPENSATION DUE**

**UPON SEPARATION OF EMPLOYMENT**

**[Cal. Labor Code §§ 201-203]**

58. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

59. Sections 201 and 202 of the California Labor Code require Defendant Plycon to pay all compensation due and owing to all former California warehouse employees, including Plaintiffs, at or around the time each employee's employment is terminated or ends. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

60. Defendant Plycon willfully failed to pay Plaintiffs and former warehouse employees in Californa for overtime pay owed, as well as for wages illegally deducted, upon their termination or separation from employment with Defendant Plycon as required by California Labor Code §§ 201 and 202.

61. As a result, Defendant Plycon is liable to Plaintiffs and other former warehouse employees employed in California for penalties pursuant to California Labor Code § 203.

62. Accordingly, pursuant to Labor Code 203, Plaintiffs seek from Defendant Plycon an amount equal to thirty days worth of wages for themselves and each similarly situated warehouse employee who opts-in to this lawsuit.

**VIII.**

**DEMAND FOR JURY TRIAL**

63. Plaintiffs hereby demand trial by jury on all their claims stated herein against Defendant Plycon.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former packers, loaders, helpers, carpenters and maintenance men employed by Defendant Plycon in California at any time during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the past three (3) years, but were not paid overtime as required by the FLSA;

2. A declaratory judgment that Defendant Plycon has violated the overtime provision of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and similarly situated persons who opt into this action;

3. A declaratory judgment that Defendant's violations of the FLSA were willful;

4. An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial, pursuant to the FLSA;

5. An award to Plaintiffs and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. 216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

6. An award to Plaintiffs and other similarly situated persons who opt into

this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

7. A declaratory judgment that Defendant Plycon has violated the overtime provision of the California Labor Code, §§ 510, 1194 and IWC Wage Order No. 9, §3, as to the Plaintiffs and all similarly situated persons who opt into this action;

8. An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial, plus interest and reasonable attorneys fees, pursuant to California Labor Code, §§ 510, 1194 and IWC Wage Order No. 9, §3;

9. A declaratory judgment that Defendant Plycon violated Labor Code §§ 226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiffs and other similarly situated persons who opt into this action;

10. An award to Plaintiffs of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for Plaintiff and other similarly situated persons who opt into this action, as well as an award of costs and reasonable attorney's fees;

11. A declaratory judgment that Defendant Plycon violated Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9, section 9 by deducting from its employees' wages for expenses associated with their uniforms;

12. An award of wages owed, plus interest and reasonable attorneys' fees, to Plaintiffs and all similarly situated persons who opt-in to this action, pursuant to Labor Code sections 221, 2802, 218.5 and 2802(b) and (c) and IWC Wage Order No.9, based on Defendant Plycon's illegal deductions from its employees' wages for "uniform" expenses;

13. A declaratory judgment that Defendant Plycon violated Labor Code §§ 201 through 203 for willful failure to pay compensation to Plaintiffs and other similarly situated persons who opt into this action;

14. An award to Plaintiffs and other similarly situated persons who opt into this action of payments due to them as waiting time penalties pursuant to California Labor Code § 203; and

15. An award of such other and further relief as this Court may deem appropriate.

Date: March 3, 2008

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
(310) 277-0614 (telephone)
(310) 277-0635 (facsimile)

By: ______________________
Craig J. Ackermann, (Bar No. 24001620)

LAW OFFICES OF MICHAEL MALK
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 251-2726
Facsimile: (310) 277-0635

By: ______________________
Michael Malk, Esq. (State Bar No. 222366)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Oscar Ezequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose 3 Tec Temayo, individually and on behalf of all others similarly situated, PLAINTIFF(S) v. | CASE NUMBER CV08-01492 VBF (MANx) |
| Plycon Van Lines, Inc. d/b/a Plycon Transportation Group, DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): Plycon Van Lines, Inc. d/b/a Plycon Transportation Group

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Craig J. Ackermann, whose address is Ackermann & Tilajef, P.C., 1180 South Beverly Dr., Ste 610, Los Angeles, CA 90035. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 4 2008

By: ______________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV08- 1492 VBF (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose R. Tec Temayo, individually and on behalf of all others similarly situated

**DEFENDANTS**
Plycon Van Lines, Inc. d/b/a Plycon Transportation Group

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles County and New York, NY

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ackermann & Tilajef, P.C. & Michael Malk, Esq. APC
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
(310) 277-0614 (A&T); (310) 251-2726 (Malk)

Attorneys (If Known)
unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT: $** substantial but unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. sections 216(b) and 207 (unpaid overtime in violation of the FLSA); denial of overtime, unlawful deductions from wages, inaccurate wage statements; and penalties for failure to pay wages due at termination (Cal. Labor Code, sections 510, 1194, 226, 226.3, 221, 224, 2802, and 201-203).

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☑ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ______________________________.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiffs all reside in Los Angeles County.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant resides in Los Angeles County and New York.

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Plaintiffs' claims arose in Los Angeles County. Claims of potential opt-in Plaintiffs arose in Los Angeles County and Alameda County.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** 3/4/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |