ACKERMANN & TILAJEF, P.C.
Craig J.Ackermann, Esq. (State Bar No. 229832)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MICHAEL MALK, ESQ. APC
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 251-2726
Facsimile: (310) 277-0635

Attorneys for Plaintiffs

**ORIGINAL**     UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Plycon Van Lines, Inc. d/b/a Plycon Transportation Group, <br><br> Defendant. | Case No. 2:08-CV-1492 VBF (MANx) <br><br> **CLASS/COLLECTIVE ACTION** <br> **[FRCP 23; 29 U.S.C. § 216(b)]** <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, UNLAWFUL DEDUCTIONS FROM WAGES; INACCURATE WAGE STATEMENTS; FAILURE TO PAY WAGES DUE ON TERMINATION OF EMPLOYMENT; UNFAIR BUSINESS PRACTICES; AND ATTORNEYS' FEES AND COSTS** |

Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, Jose B. Tec Temayo ("Plaintiffs"), individually and on behalf of all others similarly situated, as and for a First Amended Class/Collective Action Complaint ("Complaint") against Defendant Plycon Van Lines, Inc. d/b/a Plycon Transportation Group ("Defendant Plycon"), on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, allege as follows:

# I.

## JURISDICTION

1.      This Court has subject matter jurisdiction over Plaintiffs' federal claim pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 28 U.S.C. § 1337. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendant.

# II.

## VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because all or a substantial part of the events or omissions giving rise to the claims at issue occurred in Torrance, California in the County of Los Angeles within this District and this Division.  Defendant Plycon maintains offices, transacts business, has agents and is found in Los Angeles County.  Plaintiffs and similarly situated employees were employed by Defendant Plycon in Torrance, California in Los Angeles County within this District and this Division.

# III.

## INTRODUCTION

3.      Plaintiffs bring claims individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b), and as a class action, on behalf of other packers, loaders, helpers, carpenters and maintenance employees (collectively "warehouse employees" or "class members") employed by, or formerly employed by, Defendant Plycon at its facilities located in Torrance and Hayward, California.  The collective action claims are for overtime compensation, liquidated damages or interest, and attorneys' fees and under FLSA §§ 207 and 216(b).  The

individual and class action claims are for unpaid overtime compensation, illegal deductions from wages, statutory penalties, inaccurate itemized wage statements, interest and attorneys' fees and costs, under Labor Code sections 203, 221, 224, 226, 510, 1194, and 2802, 218.5, California Code of Civil Procedure 1021.5, and California Industrial Welfare Commission Occupational Wage Order No. 9.   The individual and class claims also request, under California Business & Professions Code §§ 17200 -17208, injunctive relief and restitution arising from Defendant's failure to pay overtime and illegal wage deductions for uniform expenses.

**IV.**

**THE PARTIES**

**A.    Plaintiffs**

4.    Plaintiff Mariano Oseas Esequiel Dzul Cetz, who resides in Los Angeles County, California, is a former employee of Plycon who worked for Plycon as a loader and a carpenter from around August 2004 through December 21, 2007 at its facility located in Torrance, California.  As a loader and carpenter for Plycon, Plaintiff Cetz regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week.  In addition, Defendant illegally deducted from Plaintiff Cetz's wages for uniform expenses, consistently issued inaccurate wage statements to him and his fellow warehouse workers, and failed to pay him all wages due to him on termination of his employment.

5.    Plaintiff Jaime Lemus, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a packer, loader and helper from around December 2004 through December 21, 2007 at its facility located in Torrance, California.  As a packer, loader, and helper for Plycon, Plaintiff Dzul regularly worked more than 40 hours per

week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week.  In addition, Defendant illegally deducted from Plaintiff Lemus's wages for uniform expenses, consistently issued inaccurate wage statements to him and his fellow warehouse workers, and failed to pay him all wages due to him on termination of his employment.

6.     Plaintiff Mariano Menjivar, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a maintenance man from around October 1, 1998 through December 21, 2007 at its facility located in Torrance, California.  As a maintenance man for Plycon, Plaintiff Menjivar regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week. In addition, Defendant illegally deducted from Plaintiff Menjivar's wages for uniform expenses, consistently issued inaccurate wage statements to him and his fellow warehouse workers, and failed to pay him all wages due to him on termination of his employment.

7.     Plaintiff Jose B. Tec Temayo, who resides in Los Angeles County, California, is a former employee of Plycon worked for Plycon as a loader and packer from around August 20, 2004 through December 22, 2007 at its facility located in Torrance, California.  As a loader and packer for Plycon, Plaintiff Menjivar regularly worked more than 40 hours per week, but did not receive overtime compensation at the legally-required overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 hours per week. In addition, Defendant illegally deducted from Plaintiff Temayo's wages for uniform expenses, consistently issued inaccurate wage statements to him and his fellow warehouse workers, and failed to pay him all wages due to him on termination of his employment.

**B.    Defendant**

8.    Defendant Plycon Van Lines, Inc. is a corporation incorporated under the laws of the State of New York transacting millions of dollars of business in California and across the nation transporting household items, furniture and other goods around the United States. Among other things, Defendant Plycon owns and operates warehouse and distribution facilities in Torrance and Hayward, California.

9.    At all times from March 19, 2004 through the present (the "Class Period"), Defendant Plycon was and has been an "enterprise engaged in commerce" for purposes of the FLSA with annual sales significantly exceeding $500,000. Significantly, during the Actionable Period, Defendant Plycon employed numerous employees, including Plaintiffs, who were engaged in activities constituting "interstate commerce" under the FLSA, including, inter alia, packing, loading and shipping furniture and other goods for transport from California to other states. In addition, Defendant Plycon employed numerous other employees who were involved in transporting such furniture and goods by driving on road from California to locations in other states.

10.    Service of the Summons and Plaintiffs' Original Complaint will be effectuated by serving Defendant Plycon's registered agent for service of process in California: Dean Plyconis, 4240 West 190th Street, Suite C, Torrance, California 90504.

**V.**

**FACTUAL ALLEGATIONS**

11.    At various times during the Class Period, Plaintiffs worked for Defendant Plycon as packers, loaders, helpers, carpenters and maintenance employees (collectively, "warehouse employees") at Defendant Plycon's facility located in Torrance, California.

12.     As packers, loaders, and helpers for Defendant Plycon, several Plaintiffs' job duties included, among other things, packing and loading furniture and other movable items for transportation and shipping of such items from California to locations in other states. As maintenance men and carpenters for Defendant Plycon, several Plaintiffs' job duties included, among other things, inspecting the docks, assisting with loading, painting and routine repairs, and maintenance work.

13.     As an entity with more than $500,000 in annual sales with numerous employees engaged on an annual basis in the packing, loading, shipping and transport of furniture and goods from California to other states and vis-a-versa, Defendant Plycon at all times relevant hereto was and is an enterprise subject to the jurisdiction of the FLSA.

14.     During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of other current and former packers, loaders, helpers, carpenters and maintenance men employed by Defendant Plycon at its facilities located in Torrance and Hayward, California

15.     During the Actionable Period, at its Torrance facility, Defendant Plycon employed at least 35 of more packers, including some Plaintiffs; 4 or more loaders, including some Plaintiffs; 9 or more helpers, including some Plaintiffs; and 1 maintenance man. Upon information and belief, its facility located in Hayward, California, Defendant Plycon employed an additional equivalent number of packers, loaders, helpers and maintenance men in each job category as it did at its Torrance facility.

16.     During the Actionable Period, Defendant Plycon paid an hourly salary in amounts ranging from $8 to $10 per hour to Plaintiffs and all similarly situated warehouse employees employed at Defendant Plycon's facilities located in Torrance and Hayward, California.

17.     During the Actionable Period, Defendant's Plycon's warehouse employees, including

*Plaintiffs' First Amended Complaint – Class/Collective Action*

Plaintiffs, routinely worked significantly more than 40 hours per week of compensable time for Defendant Plycon's facilities located in Torrance and Hayward, California.

18.    During the Actionable Period, Defendant did not pay its warehouse employees, including Plaintiffs, for all overtime hours worked by them at the legally-required rate of 1.5 times their regular rate of pay. Instead, as shown clearly by Defendant's itemized wage statements issued to Plaintiffs during the Actionable Period, Defendant Plycon compensated all warehouse employees employed in California, including Plaintiffs, who worked overtime hours, at a straight-rate of pay for their overtime hours; that is, at their regular hourly rates of pay for all overtime hours worked.

19.    Defendant Plycon was aware of, encouraged, and required the long hours worked by its California warehouse employees, including Plaintiffs, during the Actionable Period. Indeed, the overtime hours worked by all warehouse employees employed in California, including Plaintiffs, are set forth on the itemized wage statements issued to Plaintiffs and all similarly situated warehouse employees during the Actionable Period. Upon information and belief, Defendant Plycon's illegal compensation and pay policies were the same at both of its California facilities.

20.    Defendant Plycon's failure to pay overtime wages due to Plaintiffs and all similarly situated warehouse employees employed by Defendant Plycon in California during the Actionable Period, is, and has been, willful and deliberate. Specifically, Defendant Plycon knew that its warehouse employees in California, including Plaintiffs, were not being paid overtime wages for their working hours over 8 per day and over 40 per week during the Class Period.

21.    In addition, during the Actionable Period, Defendant Plycon made weekly illegal deductions in amounts ranging from $4 to $8 per employee from the paychecks of Plaintiffs and all similarly situated warehouse employees in California, which were itemized on its employees' itemized wage statements as "deductions" for "uniforms".

22.     Defendant Plycon made deductions for "uniforms" from its California warehouse employees' wages willfully, unlawfully and without having secured written authorizations for the deductions from its warehouse employees, including Plaintiffs, employed in California during the Actionable Period, and without having any legal basis for doing so.

23.     Defendant Plycon has adopted, and is using, unfair business practices to minimize hourly-paid employees' compensation and increase profits.  Among these unfair business practices are failing to pay overtime wages to warehouse employees in California, including Plaintiffs and similarly situated employees, and illegally deducting amounts from the wages of warehouse employees in California, including Plaintiffs and similarly situated employees, to pay for "uniforms".

24.     Although Plaintiffs' employment with Defendant Plycon has ended, Defendant Plycon has never compensated them or any other similarly situated former employees for their overtime wages due to them and/or for the illegal deductions from wages due to them as a result of Defendant Plycon's failure to pay overtime wages and/or illegal deductions from their wages.

25.     Defendant Plycon's failure to pay all wages due to Plaintiffs and other former warehouse employees of Defendant in California upon termination of their respective employment with Defendant Plycon was willful and constituted a violation of California law, as described further below.

**VI.**

**COLLECTIVE ACTION ALLEGATIONS**

26.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.  In addition to Plaintiffs, numerous current and former warehouse employees of Defendant Plycon in California are similarly situated to Plaintiffs with regard to their wages and

*Plaintiffs' First Amended Complaint – Class/Collective Action*

claims for unpaid wages and damages, in that they have been denied proper overtime compensation for at least three years prior to the filing of this Complaint. Plaintiffs are representatives of those other current and former warehouse employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant Plycon and are readily identifiable, and may be located through Defendant Plycon's records. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## VII.

## CLASS ACTION ALLEGATIONS

27. <u>Definition</u>. Class Representatives Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo bring this action as a class action pursuant to Fed. R.Civ.P. 23(a) and (b)(3) on behalf of himself and the class defined below as follows:

All non-exempt persons who are employed or who have been employed by Defendant Plycon in the State of California who have worked as warehouse employees at Defendant's Hayward and Torrance facilities, including packers, loaders, helpers, carpenters and maintenance employees (collectively, "warehouse employees"), at any time from March 19, 2004 through the present (the "Class Period").

28. Since at least March 19, 2004, Class Members have worked as warehouse employees and have been encouraged and/or required to work in excess of forty (40) hours per week and/or eight (8) hours per day without being paid proper overtime compensation by Defendant, as required by IWC Wage Order No. 9 and California Labor Code sections 510, 1194 and/or in violation of the California Unfair Practices Act (Cal.Bus. & Prof. Code §§ 17200-17208); have been denied accurate itemized wage statements setting forth their overtime wage rates and without illegal deductions in

violation of Labor Code section 226 and/or in violation of the California Business and Professions Code §§ 17200-17208; have had their wages subject to illegal deductions for "uniform" expenses in violation of California Labor Code sections 221, 224, and 2802, and IWC Wage Order NO. 9, § 9; and have not been timely paid their total accrued compensation at time of termination in violation of California Labor Code, sections 201-203, and/or the California Business & Professions Code, sections 17200-17208. Class Representatives Cetz, Lemus, Menjivar, and Temayo are all members of the Class they seek to represent.

29.   Numerosity. The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. There are over 150 total members of the class who are employed, or who have been employed, by Defendant in California since March 19, 2004 and who have been denied wages and payments due to them because of Defendant Plycon's unlawful policies and practices.

30.   Adequacy of Representation. Class Representatives Cetz, Lemus, Menjivar, and Temayo will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' counsel are competent and experienced in litigating employment law class actions and other complex litigation matters, including wage and hour cases like this one.

31.   Commonality. There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation, whether, as alleged herein, Defendant Plycon has:

a.   Required, encouraged or permitted its warehouse employees in California to work in excess of 40 hours per week and/or 8 hours per day;

b.   Failed to pay its warehouse employees in California for time worked in excess of 40 hours per week and/or 8 hours per day at the proper overtime rate of 1.5 times their regular rate of

pay;

     c.    Employed warehouse employees in positions subject to, and not exempt from, the overtime requirements of California law;

     d.    Violated IWC Wage Order No. 9 and California Labor Code sections 510 and 1194 by failing to pay California warehouse employees for their time worked in excess of 40 hours per week and/or 8 hours per day at the proper overtime rate of 1.5 times their regular rate of pay;

     e.    Knowingly and intentionally failed to provide warehouse employees with accurate itemized wage statements showing the proper overtime pay rate and devoid of illegal deductions from pay for uniform expenses;

     f.    Violated California Labor Code sections §§ 221, 224, 2802 and IWC Wage Order No. 9, § 9 by deducting from wages of its warehouse employees for expenses associated with uniforms;

     g.    Violated California Labor Code sections 201 through 203 by failure to timely pay former warehouse employees wages due for overtime compensation and illegal deductions from wages for uniforms at time of termination of employment;

     h.    Violated the Unfair Business Practice Act, California Business and Professions Code, §§ 17200 -17209 by failing to pay proper overtime compensation to warehouse employees during their employment and/or when their employment terminated, by illegally deducting from their wages for uniform expenses, and by failing to provide itemized statements of total hours worked with each payment of wages.

     i.    Additionally, there are common questions of law and fact as to the proper methodology for calculating damages for the above violations.

     32.    <u>Typicality</u>. Class Representatives Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano

Menjivar, and Jose B. Tec Temayo's claims are typical of the claims of the Class Members in that they were subjected to the same violations of their rights under California law and seek the same type of damages, restitution, and other relief on the same theories and legal grounds, as those Class Members they seek to represent.

33.    <u>Predominance of Common Questions</u>. Class Certification is appropriate under Fed.R. Civ. P. 23(b)(3) because questions of law or fact common to the class predominate over any questions affecting the individual members of the class.  Each member of the class has been damaged and is entitled to recovery by reason of Defendant Plycon's illegal policies and practices of (a) permitting, encouraging and/or requiring warehouse employees to work in excess of 40 hours per week and 8 hours per day without paying proper overtime compensation required by California and federal law; by failing to provide accurate itemized wage statements setting forth the proper overtime rate of pay; by illegally deducting from wages for uniform expenses; and by failing to pay overtime wages due at the time of each former warehouse employee's termination of employment, making Defendant Plycon liable for penalties in the form of continued compensation up to 30 days.

**VIII.**

**FIRST CAUSE OF ACTION**

**COLLECTIVE ACTION CLAIM**

**DENIAL OF OVERTIME COMPENSATION**

**[FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]**

34.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35.    Section 207(a)(1) of the FLSA provides:

Except as otherwise provided in this section, no employer shall

*Plaintiffs' First Amended Complaint – Class/Collective Action*

12

employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

36.    Under the FLSA, 29 U.S.C. § 207, Defendant Plycon was and is obligated to compensate Plaintiffs and similarly situated warehouse employees in California for all hours worked in excess of 40 hours in a week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

37.    During the Class Period, Plaintiffs and similarly situated warehouse employees in California were regularly permitted, encouraged, and/or required to work significantly in excess of forty (40) hours per week, but were not paid for all such overtime work at the legally-required overtime rate of 1.5 times their regular rate of pay. Instead, Defendant Plycon merely paid Plaintiffs and similarly situated warehouse employees in California their regular rate of pay for all overtime hours worked.

38.    At all times relevant hereto, Plaintiffs and similarly situated current and former warehouse employees in California were non-exempt for purposes of the overtime requirements set forth in the FLSA. In addition, during the Class Period, Plaintiffs and other similarly situated warehouse employees in California consistently worked more than 40 hours per week. The hours worked by Plaintiffs and other similarly situated warehouse employees in California are set forth on the weekly itemized wage statements issued by Defendant Plycon to Plaintiffs and all other similarly

situated warehouse employees in California.

39.    By failing to pay correctly overtime compensation due to Plaintiffs and similarly situated warehouse employees in California, Defendant Plycon willfully and knowingly violated the provisions of the FLSA which require overtime compensation to non-exempt employees. Accordingly, the three year statute of limitations applicable to willful violations of the FLSA applies here.

40.    As a result of Defendant Plycon's policy and practice of withholding overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiffs and similarly situated warehouse employees have been damaged.

41.    As a result of the unlawful acts of Defendant Plycon, Plaintiffs and all similarly situated warehouse employees have been deprived of overtime compensation due to them in the amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages (or, alternatively, interest), attorneys' fees and costs, and other compensation, pursuant to 29 U.S.C. §216(b).  Plaintiffs and other persons employed or formerly employed by Defendant Plycon as warehouse employees who may opt into this collective action pursuant to 29 U.S.C. § 216(b) request relief as described below.

## AS AND FOR THE SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM

## DENIAL OF OVERTIME COMPENSATION

### [Cal. Labor Code, §§ 510, 1194,  and IWC Wage Order No. 9, § 3]

42.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

43.  Section 510 of the Labor Code provides:

". . . Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee (*sic*) and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. . ."

44.  Section 3(a)(1) of Wage Order No. 9 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees in the transportation industry who work more than eight hours in a day or forty hours in a week, and two times their regular rate of pay for any work in excess of 12 hours in one day.

45.  At all times relevant hereto, Plaintiffs and Members of the Class were non-exempt for purposes of the overtime and double-time pay requirements set forth in the California Labor Code and Wage Order No. 9.  In addition, during the Actionable Period, Plaintiffs and Members of the Class consistently worked more than 8 hours per day and more than 40 hours per week. The hours worked by Plaintiffs and Members of the Class are set forth on the weekly itemized wage statements issued by Defendant Plycon to Plaintiffs and all other Members of the Class.

46.  By failing to correctly pay overtime compensation due to Plaintiffs and Members of the Class, Defendant Plycon willfully and knowingly violated the provisions of California law, including the Labor Code and IWC Wage Order NO. 9, which require overtime compensation to non-exempt employees.

47.  As a result of Defendant Plycon's policy and practice of withholding

*Plaintiffs' First Amended Complaint – Class/Collective Action*
15

overtime compensation at the rate of 1.5 times the regular rate of pay, Plaintiffs and Members of the Class have been damaged.

48. Defendant Plycon has acted or failed to act with malice, oppression and/or in conscious disregard for the protected rights of Plaintiffs and Members of the Class. As alleged herein, Defendant Plycon's actions or omissions were also reprehensible and in blatant violation of California law and public policy.

49. Under Section 1194 of the Labor Code, an employee receiving less than the legal overtime or double-time compensation applicable to the employee is authorized to bring suit for the unpaid balance of the full amount of the overtime or double-time compensation owed to him, including interest, reasonable attorney's fees and costs of the suit.

50. Accordingly, pursuant to Labor Code Section 1194, Plaintiffs seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial for themselves and for every Member of the Class.

## AS AND FOR THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM

## FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

## [Cal. Labor Code §§ 226 and 226.3]

51. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

52. Section 226(a) of the California Labor Code provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check,

*Plaintiffs' First Amended Complaint – Class/Collective Action*

16

draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee.

53.    Section 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

54.    As set forth above, during the Actionable Period, Defendant Plycon knowingly provided Plaintiffs and Members of the Class with weekly inaccurate itemized wage statements containing inaccurate and unlawful rates of pay for overtime hours worked during all weekly pay periods occurring during the Actionable Period.

55.    Defendant Plycon's failure to provide Plaintiffs and Members of the Class with accurate itemized wage statements during the Actionable Period has caused Plaintiffs and Members of the Class to incur economic damages.

56.    As a result of Defendant Plycon's weekly issuance of inaccurate itemized wage statements to Plaintiffs and Members of the Class in California in violation of

*Plaintiffs' First Amended Complaint – Class/Collective Action*

17

Labor Code § 226(a), Plaintiffs are each entitled to recover an initial penalty of $50,
and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty
of $4000 per Plaintiff and for each and every Member of the Class from Defendant
Plycon pursuant to §226(e) of the Labor Code.

## AS AND FOR FOURTH CAUSE OF ACTION

## CLASS ACTION CLAIM

### ILLEGAL DEDUCTIONS FROM WAGES

**[Cal. Labor Code §§ 221, 224, 2802; IWC Wage Order NO. 9, § 9]**

57.     Plaintiffs re-allege and incorporate by reference each and every allegation
set forth in the preceding paragraphs.

58.     Section 221 of the California Labor Code provides: "It shall be unlawful for
any employer to collect or receive from an employee any part of wages theretofore paid by
said employer to said employee."

59.     Notwithstanding Section 221 of the Labor Code, Section 226 of the California
Labor Code authorizes deductions from employee's wages in certain limited cases not
applicable here, such as for payment of health insurance premiums, and only when such
deductions are "expressly authorized in writing" by the employee.

60.     Under California law, if an employer requires that an employee wear a
uniform, the employer must pay the cost of the uniform. *See*, Labor Code Section 2802; *see,
also,* IWC Wage Order No. 9, Section 9 ("When uniforms are required by the employer to be
worn by the employee as a condition of employment, such uniforms shall be provided and
maintained by the employer").

61.     During the Actionable Period, Defendant Plycon required Plaintiffs and

*Plaintiffs' First Amended Complaint – Class/Collective Action*

18

Members of the Class other to wear uniforms as a condition of their employment.

62.     As noted above, during the Actionable Period, Defendant Plycon also deducted each week an amount ranging from $4 to $8 per employee from the wages of Plaintiffs and Members of the Class for the maintenance of their "uniforms".

63.     Defendant Plycon never secured written authorizations for its deductions from wages of its warehouse employees, including Plaintiffs, nor would such authorizations have been effective, even if they existed, since expenses incurred for uniforms must be paid for by California employers.

64.     Pursuant to Labor Code sections 218.5 and 2802(b) and (c), Plaintiffs and all Members of the Class are entitled to recover their wages owed, i.e., those that were subject to illegal deductions for uniform expenses, as well as interest and attorneys' fees incurred in bringing this claim.

## AS AND FOR FIFTH CAUSE OF ACTION

## CLASS ACTION CLAIM

## FAILURE TO PAY COMPENSATION DUE

## UPON SEPARATION OF EMPLOYMENT

### [Cal. Labor Code §§ 201-203]

65.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

66.     Sections 201 and 202 of the California Labor Code require Defendant Plycon to pay all compensation due and owing to all former California warehouse employees, including Plaintiffs, at or around the time each employee's employment is terminated or ends. Section 203 of the California Labor Code provides that if an employer willfully fails to pay

compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

67.     Defendant Plycon willfully failed to pay Plaintiffs and former warehouse employees in Californa for overtime pay owed, as well as for wages illegally deducted, upon their termination or separation from employment with Defendant Plycon as required by California Labor Code §§ 201 and 202.

68.     As a result, Defendant Plycon is liable to Plaintiffs and other former warehouse employees employed in California for penalties pursuant to California Labor Code § 203.

69.     Accordingly, pursuant to Labor Code 203, Plaintiffs seek from Defendant Plycon an amount equal to thirty days worth of wages for themselves and each Member of the Class.

## AS AND FOR SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES-RESTITUTION

### [Cal. Bus. & Prof. Code §§ 17200-17208]

70.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71.     Defendant Plycon's failures to pay legally required overtime wages and to provide accurate itemized statements of hours worked with payments of overtime wages, and Defendant's practice of illegally deducting wages for uniform expenses from Class Representatives Cetz, Lemus, Menjivar, and Temayo, and all Members of the Class' pay, constitute unlawful acts prohibited by the California Unfair Practices Act, Business &

*Plaintiffs' First Amended Complaint – Class/Collective Action*

20

Professions Code §17200, et seq.

72.     As a result of these unlawful acts, Defendant Plycon has reaped unfair benefits and illegal profits, at the expense of Class Representatives Cetz, Lemus, Menjivar, and Temayo, and all Members of the Class.  Defendant must make restitution and/or be subject to other equitable relief pursuant to California Business & Professions Code §17203.  All such remedies are cumulative of relief available under other laws, pursuant to California Business & Professions Code §17205.

73.     Class Representatives Cetz, Lemus, Menjivar, and Temayo request relief as described below on behalf of themselves and all Members of the Class.

## VIII.

## **DEMAND FOR JURY TRIAL**

74.     Plaintiffs hereby demand trial by jury on all their individual, collective and/or class-wide claims stated herein against Defendant Plycon.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs/Class Representatives request the following relief:

A.     FLSA Claims

1.     Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former packers, loaders, helpers, carpenters and maintenance men employed by Defendant Plycon in California at any time during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the past three (3) years, but were not

*Plaintiffs' First Amended Complaint – Class/Collective Action*
21

paid overtime as required by the FLSA;

2.      A declaratory judgment that Defendant Plycon has violated the overtime provision of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and similarly situated persons who opt into this action;

3.      A declaratory judgment that Defendant Plycon's violations of the FLSA were willful;

4.      An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial, pursuant to the FLSA;

5.      An award to Plaintiffs and other similarly situated  persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. 216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

6.      An award to Plaintiffs and other similarly situated  persons who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

7.      An award of such other and further relief as this Court may deem appropriate.

B.      Class Claims Under California Law

1.      Certification of the California law claims as a class action, pursuant to Fed. R. Civ. P. 22(b)(3), on behalf of the proposed class;

2.      Class notice, pursuant to Fed. R. Civ. P. 23(c)(2), to all warehouse employees who worked for Defendant since March 19, 2004, pursuant to the statute of limitations on the California Unfair Practices Act claims, Business & Professions Code

§17208;

3.   A declaratory judgment that Defendant has violated the overtime provisions of California Labor Code §510, 1194, and the I.W.C. wage order No. 9 as to the Plaintiffs and the Class Members;

4.   An award to Plaintiffs and the Class Members in the amount of unpaid overtime compensation to be proven at trial, plus interest, penalties in the form of liquidated damages, and reasonable attorneys fees, pursuant to California Labor Code, §§ 510, 1194 and IWC Wage Order No. 9, §3;

5.   A declaratory judgment that Defendant Plycon violated Labor Code §§ 226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiffs and Members of the Class in that, as set forth above, the statements contained inaccurate and unlawful rates of pay for overtime hours worked during all weekly pay periods occurring during the Actionable Period;

6.   An award to Plaintiffs and the Class Members of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for Plaintiff and Class Members, as well as an award of costs and reasonable attorney's fees;

7.   A declaratory judgment that Defendant Plycon violated Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9, section 9 by deducting from its employees' wages for expenses associated with their uniforms;

8.   An award of wages owed, plus interest and reasonable attorneys' fees, to Plaintiffs and Members of the Class, pursuant to Labor Code sections 221, 2802, 218.5 and 2802(b) and (c) and IWC Wage Order No.9, based on Defendant Plycon's illegal

*Plaintiffs' First Amended Complaint – Class/Collective Action*

23

deductions from Plaintiffs' and Class Members' wages for "uniform" expenses;

9.     A declaratory judgment that, as to Plaintiffs and Class Members who are former employees, Defendant Plycon has violated California Labor Code §§ 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

10.    An award to Plaintiffs and Members of the Class who are former employees of Defendant Plycon of payments due to them as waiting time penalties pursuant to California Labor Code § 203 and reasonable attorneys fees;

11.    A declaratory judgment that Defendant Plycon has violated California Business and Professions Code §§ 17200-17208 by illegally deducting wages for "uniform" expenses from their warehouse employees, and by failing to pay their warehouse employees overtime compensation, and to provide accurate itemized statements with each payment of wages, as required by California law;

12.    An order requiring Defendant Plycon to pay restitution of all amounts owed to Class Representatives Cetz, Lemus, Menjivar, and Temayo, and the Class Members, for Defendant Plycon's failure to pay legally required overtime compensation, to provide accurate itemized statements of total hours worked with each payment of wages, and to reimburse for illegal deducting from wages, in an amount according to proof, pursuant to California Business & Professions Code §17203;

13.    An award to Class Representatives Cetz, Lemus, Menjivar, and Temayo, and the Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code §1021.5, California Labor Code §§ 226, 1194, 2802, and/or other applicable law; and

*Plaintiffs' First Amended Complaint – Class/Collective Action*

14.     An award of such other and further relief as this Court may deem appropriate.

Date: March 19, 2008

Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
(310) 277-0614 (telephone)
(310) 277-0635 (facsimile)

By:    _____
       Craig J. Ackermann, (Bar No. 24001620)

LAW OFFICES OF MICHAEL MALK
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 251-2726
Facsimile: (310) 277-0635

By:    _____
       Michael Malk, Esq. (State Bar No. 222366)

Attorneys for Plaintiffs