1  Christy D. Joseph (#136785)
   Brian Mills (#216078)
2  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
3  Costa Mesa, CA  92626-7689
   Telephone: (714) 427-7000
4  Facsimile: (714) 427-7799

5  Attorneys for Defendant
   Plycon Van Lines, Inc. d/b/a
6  Plycon Transportation Group

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11  Oseas Esequiel Dzul Cetz,              CASE NO. CV08-01492-VBF (MANx)
    Jaime Lemus, Mariano Menjivar, and
12  Jose B. Tec Temayo, individually and
    on behalf of all others similarly
13  situated,                              DEFENDANT PLYCON VAN LINES,
                                           INC.'S ANSWER TO PLAINTIFFS'
14                      Plaintiffs,         FIRST AMENDED COMPLAINT

15  vs.

16  Plycon Van Lines, Inc. d/b/a           DATE OF FILING:  March 4, 2008
    Plycon Transportation Group,
17
                        Defendant.
18

19

20          Defendants Plycon Van Lines, Inc. d/b/a Plycon Transportation Group

21  ("Defendant"), hereby answers plaintiffs' first amended complaint ("Complaint")

22  as follows:

23          1.      Paragraph 1 contains jurisdiction allegations to which no response is

24  required.  To the extent a response is required, Defendant admits each and every

25  material allegation contained therein.

26          2.      Paragraph 2 contains venue allegations to which no response is

27  required.  To the extent a response is required, Defendant admits each and every

28  material allegation contained therein.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

3.      In response to paragraph 3 of the Complaint, Defendant admits that it formerly employed the named plaintiffs and that Defendant had facilities located in Torrance and Hayward, California. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

4.      In response to paragraph 4 of the Complaint, Defendant admits that plaintiff Mariano Oseas Esequiel Dzul Cetz worked for Defendant from about September 13, 2004 to December 21, 2007 in its facility located in Torrance, California. Defendant denies that it issued inaccurate wage statements to Mariano Oseas Esequiel Dzul Cetz. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

5.      In response to paragraph 5 of the Complaint, Defendant admits that plaintiff Jaime Lemus worked for Defendant from about December 13, 2004 to December 21, 2007 in its facility located in Torrance, California. Defendant denies that it issued inaccurate wage statements to Jaime Lemus. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

6.      In response to paragraph 6 of the Complaint, Defendant admits that plaintiff Mariano Menjivar worked for Defendant from about October 1, 1998 to December 21, 2007. Defendant denies that it issued inaccurate wage statements to Mariano Menjivar. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

7.      In response to paragraph 7 of the Complaint, Defendant admits that plaintiff Jose B. Tec Temayo worked for Defendant from about August 17, 2004 to December 21, 2007. Defendant denies that it issued inaccurate wage statements to Jose B. Tec Temayo. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

8.      In response to paragraph 8 of the Complaint, Defendant denies that it owns warehouse and distribution facilities in Torrance and Hayward, California. Defendant admits the remaining allegations in Paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10.     In response to paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11.     In response to paragraph 11 of the Complaint, Defendant admits that the named plaintiffs worked for Defendant in its facility located in Torrance, California.  Defendant avers that at various times the named plaintiffs worked as packers, loaders, helpers, craters, and maintenance.  Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12.     In response to paragraph 12 of the Complaint, Defendant admits that several of the named plaintiffs' job duties included packing and loading furniture and other movable items for transportation and shipping of such items from California to locations in other states.  Defendant avers that craters would assist with loading.  Defendant admits that one of the duties of the maintenance man was to inspect the docks.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

13.     Paragraph 13 contains jurisdiction allegations to which no response is required.  To the extent a response is required, Defendant admits each and every material allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

15.     In response to paragraph 15 of the Complaint, Defendant admits that from or about March 19, 2004 through the present, Defendant employed at least 35 or more packers, 4 or more loaders, 9 or more helpers and one maintenance man at

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

its Torrance facility.  Defendant admits that it employed the named plaintiffs.  Defendant admits that it employed packers, loaders, and helpers in its Hayward, California facility.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.    In response to paragraph 16 of the Complaint, Defendant admits that from or about March 19, 2004 through the present, Defendant paid the named plaintiffs hourly.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

17.    In response to paragraph 17 of the Complaint, Defendant admits that from or about March 19, 2004 through the present, some employees of Defendant occasionally worked more than 40 hours per week in its facilities in Torrance and Hayward, California.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

18.    In response to paragraph 18 of the Complaint, Defendant denies that it did not pay employees for all hours worked.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

19.    In response to paragraph 19 of the Complaint, Defendant admits that all hours worked by the named plaintiffs are set forth on the itemized wage statements.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

20.    In response to paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

21.    In response to paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

8712939.1

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

22.    In response to paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

23.    In response to paragraph 23 of the Complaint, Defendant denies that it is using unfair business practices.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

24.    In response to paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

25.    In response to paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

26.    In response to paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

27.    In response to paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

28.    In response to paragraph 28 of the Complaint, Defendant admits that the named plaintiffs worked in the warehouse of Defendant.  Defendant denies that they were denied accurate wages statements.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

29.    In response to paragraph 29 of the Complaint, Defendant admits that over 150 individuals have been employees of Defendant at some time in California since March 19, 2004.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

- 5 -

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

30.    In response to paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

31.    In response to paragraph 31 of the Complaint, Defendant denies that it failed to provide employees with accurate itemized statements.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

32.    In response to paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny such allegations, and on that basis denies the same.

33.    In response to paragraph 33 of the Complaint, Defendant denies that it failed to provide employees with accurate itemized statements.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

34.    In response to paragraph 34 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35.    In response to paragraph 35 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

36.    In response to paragraph 36 of the Complaint, Defendant denies that it owes the named plaintiffs any overtime compensation. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

37.    In response to paragraph 37 of the Complaint, Defendant admits that it paid the named plaintiffs for all time worked.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

Snell & Wilmer
— L.L.P.—
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

38.     In response to paragraph 38 of the Complaint, Defendant denies that the named plaintiffs were non-exempt under the FLSA.  Defendant admits that on occasion employees worked more than 40 hours in a week.  Defendant admits that the hours worked by the named plaintiffs are set forth on weekly itemized statements issued by Defendant.   Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

39.     In response to paragraph 39 of the Complaint, Defendant alleges that the referenced statute speaks for itself.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

40.     In response to paragraph 40 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 39 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

41.     In response to paragraph 41 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 40 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

42.     In response to paragraph 42 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.     In response to paragraph 43 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

44.     In response to paragraph 44 of the Complaint, Defendant alleges that the referenced regulation speaks for itself.

45.     In response to paragraph 45 of the Complaint, Defendant denies that the named plaintiffs were non-exempt.   Defendant admits that on occasion employees worked more than 8 hours in a day or 40 hours in a week.   Defendant admits that the hours worked by the named plaintiffs are set forth on weekly itemized statements issued by Defendant.    Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

46.     In response to paragraph 46 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 45 of the Complaint and on that basis denies plaintiffs' claims for relief and damages. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

47.     In response to paragraph 47 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 46 of the Complaint and on that basis denies plaintiffs' claims for relief and damages. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

48.     In response to paragraph 48 of the Complaint, Defendant denies that it acted with malice and/or oppression and/or in conscious disregard for the rights of the named plaintiffs or the Defendant's employees.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

49.     In response to paragraph 49 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

50.     In response to paragraph 50 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 49 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

51.    In response to paragraph 51 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 50 of the Complaint, as if fully set forth herein.

52.    In response to paragraph 52 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

53.    In response to paragraph 53 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

54.    In response to paragraph 54 of the Complaint, Defendant denies that it knowingly provided inaccurate itemized wage statements.   Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

55.    In response to paragraph 55 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 54 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

56.    In response to paragraph 56 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 55 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

57.    In response to paragraph 57 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

58.    In response to paragraph 58 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

59.    In response to paragraph 59 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

60.    In response to paragraph 60 of the Complaint, Defendant alleges that the referenced statute speaks for itself.

61.    In response to paragraph 61 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    on that basis denies the same.

2         62.    In response to paragraph 62 of the Complaint, Defendant lacks

3    knowledge or information sufficient to admit or deny the remaining allegations, and

4    on that basis denies the same.

5         63.    In response to paragraph 63 of the Complaint, Defendant lacks

6    knowledge or information sufficient to admit or deny the remaining allegations, and

7    on that basis denies the same.

8         64.    In response to paragraph 64 of the Complaint, Defendant incorporates

9    its responses to paragraphs 1 through 63 of the Complaint and on that basis denies

10   plaintiffs' claims for relief and damages.

11        65.    In response to paragraph 65 of the Complaint, Defendant incorporates

12   its responses to paragraphs 1 through 64 of the Complaint, as if fully set forth

13   herein.

14        66.    In response to paragraph 66 of the Complaint, Defendant alleges that

15   the referenced statute speaks for itself.

16        67.    In response to paragraph 67 of the Complaint, Defendant lacks

17   knowledge or information sufficient to admit or deny the remaining allegations, and

18   on that basis denies the same.

19        68.    In response to paragraph 68 of the Complaint, Defendant incorporates

20   its responses to paragraphs 1 through 67 of the Complaint and on that basis denies

21   plaintiffs' claims for relief and damages.

22        69.    In response to paragraph 69 of the Complaint, Defendant incorporates

23   its responses to paragraphs 1 through 68 of the Complaint and on that basis denies

24   plaintiffs' claims for relief and damages.

25        70.    In response to paragraph 70 of the Complaint, Defendant incorporates

26   its responses to paragraphs 1 through 69 of the Complaint, as if fully set forth

27   herein.

28

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

71.     In response to paragraph 71 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies the same.

72.     In response to paragraph 72 of the Complaint, Defendant denies that it has reaped unfair benefits and/or illegal profits.   Defendant incorporates its responses to paragraphs 1 through 72 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

73.     In response to paragraph 73 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 72 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

74.     Paragraph 74 contains a jury demand to which no response is required.

In response to plaintiffs' prayer for relief, Defendant incorporates its responses to paragraphs 1 through 74 of the Complaint and on that basis denies plaintiffs' claims for relief and damages.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action fails to state facts sufficient to constitute a cause or causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, the Complaint, as well as each purported cause of action therein, is barred by the applicable statute of, including California Code of Civil Procedure §§ 338(a) & (c) and California Code of Civil Procedure §§ 340(a) & (b).

Snell & Wilmer
——— L.L.P.———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

**THIRD AFFIRMATIVE DEFENSE**

2          As a further and separate affirmative defense, the Complaint, and each

3   separate cause of action alleged in it, is barred because plaintiffs were exempt from

4   overtime pay requirements under the state and federal motor carrier exemptions.

5

6

**FOURTH AFFIRMATIVE DEFENSE**

7          As a further and separate affirmative defense, plaintiffs were negligent with

8   respect to each of the matters described in the Complaint and this negligence was

9   the cause in fact and proximate cause of the damages, if any, suffered by plaintiffs.

10  Plaintiffs' negligence bars recovery in this action, either in whole or in part.

11

12

**FIFTH AFFIRMATIVE DEFENSE**

13          As a further and separate affirmative defense, plaintiffs' damages, if any,

14  were proximately caused or contributed to by the acts, omissions or wrongful

15  conduct of persons or entities over whom/which Defendant had no control and over

16  whom/which Defendant can have no responsibility or liability.

17

18

**SIXTH AFFIRMATIVE DEFENSE**

19          As a further and separate affirmative defense, the Complaint and each of its

20  purported causes of action are barred by plaintiffs' failure to take reasonable steps

21  to avoid or otherwise mitigate the claimed damages.

22

23

**SEVENTH AFFIRMATIVE DEFENSE**

24          As a further and separate affirmative defense, Defendant alleges that the

25  Complaint and each of its purported causes of action are barred in that plaintiffs'

26  unreasonable delay in bringing this action without good cause prejudiced

27  Defendant, and accordingly plaintiffs are guilty of laches.

28

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

- 12 -

**EIGHTH AFFIRMATIVE DEFENSE**

As a further and separate affirmative defense, plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring plaintiffs from any relief as prayed for herein.

**NINTH AFFIRMATIVE DEFENSE**

As a further and separate affirmative defense, the acts complained of by plaintiffs in the Complaint, to the extent such acts occurred, were provoked by plaintiffs' conduct and statements to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

As a further and separate affirmative defense, Defendant alleges that any and all conduct of which plaintiffs' complain and which is attributed to Defendant was a just and proper exercise of management's discretion on the part of Defendant and was undertaken for a fair and honest reason.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a further and separate affirmative defense, plaintiffs' Complaint fails to state a claim upon which relief can be granted because plaintiffs received proper payment for all time worked for Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

As a further and separate affirmative defense, plaintiffs have failed to set forth a prima facie case that Defendant violated any of the statutes or wage orders upon which plaintiffs relies.

///

///

///

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

- 13 -

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2   As a further and separate affirmative defense, the practices of which

3   plaintiffs complain, were and are not unlawful, unfair, or fraudulent.

4

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6   As a further and separate affirmative defense, Defendant alleges that its

7   conduct with plaintiffs were at all times justified and/or privileged under state or

8   federal law.

9

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11   As a further and separate affirmative defense, Defendant alleges that the

12   claims of plaintiffs' for punitive damages against Defendant cannot be sustained

13   because an award of punitive damages under California law for the purpose of

14   compensating plaintiffs for elements of damage not otherwise recoverable by law

15   would violate Defendant's due process and equal protection rights guaranteed by

16   the United States Constitution and the California Constitution.

17

18

## SIXTEENTH AFFIRMATIVE DEFENSE

19   As a further and separate affirmative defense, Defendants allege the

20   Complaint, as well as each purported cause of action alleged therein, is barred by

21   the doctrine of unclean hands, and that plaintiffs engaged in misconduct and

22   wrongful acts against or towards Defendants, in connection with the subject matter

23   of this litigation.

24

25

## SEVENTEENTH AFFIRMATIVE DEFENSE

26   As a further and separate affirmative defense, Defendant alleges that

27   plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action

28   because the hours claimed are not "hours worked" within the meaning of the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

- 14 -

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

applicable Industrial Welfare Commission orders.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendant alleges that plaintiffs are not entitled to recover damages, the existence of which is specifically denied, as Defendant acted in good faith and had reasonable grounds to believe they were not violating applicable state and/or federal law.

## NINETEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege plaintiffs are not representative members of the alleged class.

## TWENTIETH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege the action cannot proceed as a class action because of the inadequacy of representation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege the action cannot proceed as a class action because the parties are not numerous within the meaning of California's class action requirements.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege there is not a common or general interest in the alleged class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Defendants allege there is not a community of interest among the alleged class members.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2      As a further and separate affirmative defense, certain of the interests of the

3  proposed class members are in conflict with interests of all or certain sub-groups of

4  the members of the alleged class of persons which plaintiffs purports to represent,

5  the existence of which is expressly denied.

6

7

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

8      As a further and separate affirmative defense, Defendants allege there is not a

9  risk of substantial prejudice from separate actions.

10

11

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

12      As a further and separate affirmative defense, Defendants allege the

13  Complaint, as well as each purported cause of action alleged therein, is barred by

14  because the Plaintiff's claims are preempted by federal law.

15

16

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17      Discovery in this matter may reveal additional basis for an avoidance or

18  affirmative defense.  Defendant reserves the right to amend this answer to plead

19  such affirmative defenses should they be discovered.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8712939.1

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

**WHEREFORE,** Defendant prays as follows:

1.     That plaintiffs take nothing by their Complaint for damages;

2.     That plaintiffs' Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant recovers its costs of suit herein, including its reasonable attorneys' fees; and

4.     That the court award such other and further relief as it deems appropriate.

Dated: April 28, 2008            SNELL & WILMER L.L.P.


By:      s/Brian Mills
                 Christy D. Joseph
                 Brian Mills
                 Attorneys for Defendant
                 Plycon Van Lines, Inc. d/b/a
                 Plycon Transportation Group

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

DEFENDANT PLYCON VAN LINES, INC.'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT