ACKERMANN & TILAJEF, P.C.
Craig J.Ackermann, Esq. (State Bar No. 229832)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

MICHAEL MALK, ESQ. APC
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 251-2726
Facsimile: (310) 277-0635

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| OSEAS ESEQUIEL DZUL CETZ, JAIME LEMUS, MARIANO MENJIVAR, and JOSE B. TEC TEMAYO, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>PLYCON, INC., and DOES 1-10, inclusive,<br><br>           Defendants. | **CLASS/COLLECTIVE ACTION**<br>Case No. 2:08-CV-1492 VBF (MANX)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT**<br><br>Date:     November 3, 2008<br>Time:     1:30 PM<br>Dept:     9<br>Judge:   Honorable Valerie F. Fairbank |

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................. iii

NOTICE OF MOTION AND MOTION ................................................... 1

I.    INTRODUCTION .................................................................. 3

II.   BACKGROUND OF CASE AND SETTLEMENT DISCUSSIONS ............ 4

    A.    Procedural History........................................................ 4

    B.    Settlement Negotiations ................................................. 5

III.  SUMMARY OF SETTLEMENT TERMS ..................................... 5

    A.    Class Definition.......................................................... 5

    B.    Settlement Amount....................................................... 6

    C.    Calculation of Class Members' Individual Settlement Awards........... 6

    D.    Named Plaintiffs' and Class Members' Releases of Claims ................ 7

    E.    Administration of Notice, Objections, and Claims .............................. 7

    F.    Procedure for Requesting Exclusion or Opting Out of Settlement........ 8

    G.    Mailing of Settlement Award Checks ..................................... 9

IV.   CLASS ACTION SETTLEMENT APPROVAL PROCEDURE................... 9

V.    THE COURT SHOULD APPROVE THE CLASS ACTION
    SETTLEMENT. ...................................................................... 11

    A.    The Court Should Conditionally Certify a Settlement Class. .............. 12

        1.    The FLSA Collective Action Meets the Requirements of 29
            U.S.C.
            § 216(b). ....................................................... 12

        2.    The Rule 23 Standards are Satisfied With Respect to the
            California Law Claims........................................... 13

            a.    The Rule 23(a) Requirements Are Met. .......................... 13

                i.    Numerosity ........................................... 14

                ii.   Commonality ......................................... 14

                iii.  Typicality ............................................ 15

                iv.   Adequacy of Representation ................................. 15

**TABLE OF CONTENTS**: (continued)                                              **Page(s)**

b.   The Proposed Settlement Meets the Requirements of Rule 23(b)(3) As Well. .......................................................17

B.   The Court Should Appoint Plaintiffs' Counsel as Class Counsel. .....18

C.   The Court Should Preliminarily Approve the Settlement. ..................19

1.   The Settlement is Within the Range of Reasonableness. .........20

2.   The Settlement is the Product of Non-Collusive, Arms-Length and Informed Negotiations. .......................................................20

3.   Payments to the Named Plaintiffs and to Class Members who Filed Consent to Join Forms Prior to Settlement are Fair and Reasonable and Routinely Approved. ........................................22

4.   The Court Should Preliminarily Approve Class Counsel's Request for a 25% Common Fund Fee Because it is Reasonable and Fair. ...............................................................................24

D.   The Court Should Preliminarily Approve the FLSA Settlement As Fair and Reasonable. ...........................................................................25

E.   The Court Should Direct Distribution of the Notice of Settlement. ...26

F.   The Proposed Class Notice and Claims Process Are Appropriate. ....27

G.   The Court Should Set A Final Approval Hearing. ...............................29

VI.   PLAINTIFFS AND THE CLASS SHOULD NOT BE PREJUDICED BY DEFENDANTS' DELAY IN SIGNING THE JOINT STIPULATION ..30

VII.   CONCLUSION ...........................................................................................30

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT - CASE NO. 2:08-CV-1492 VBF
(MANX)

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Federal Cases**

Aguayo v. Oldenkamp Trucking,
  CVF04-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005) ........................17

Amchem Prods., Inc. v. Windsor,
  521 U.S. 591, 117 S. Ct. 2231 (1997) ........................................................17

Angotti v. Rexam, Inc.,
  NO. C 05-5264 CW, 2006 WL 2691398, at *5 (N.D. Cal. 2006)..............23

Armstrong v. Bd. of School Directors,
  616 F.2d 305, 314 (7th Cir. 1980) .............................................................24

Barrentine v. Arkansas-Best Freight Sys.,
  450 U.S. 728, 739 (1981)............................................................................33

Belcher v. Shoney's, Inc.,
  927 F. Supp. 249, 251 (M.D. Tenn. 1996) .................................................16

Blackie v. Barrack,
  524 F.2d 891, 902 (9th Cir. 1975) ..............................................................18

Bryan v. Pittsburgh Plate Glass Co.,
  59 F.R.D. 616, 617 (W.D. Pa. 1973) ..........................................................31

Church v. Consol. Freightways, Inc.,
  137 F.R.D. 294, 304 (N.D. Cal. 1991) .......................................................16

Cook v. Niedert,
  142 F.3d 1004, 1016 (7th Cir. 1998) ..........................................................29

Dybach v. State of Florida Dept. of Corrs.,
  942 F.2d 1562,1567-68 (11th Cir. 1991)..............................................16, 35

Eisen v. Carlisle & Jacquelin,
  417 U.S. 156, 173 (1974)............................................................................34

Frank v. United Airlines, Inc.,
  216 F.3d 845, 851 (9th Cir. 2000) ..............................................................25

Grayson v. K Mart Corp.,
  79 F.3d 1086, 1096 (11th Cir. 1996) ..........................................................16

Hanlon v. Chrysler Corp.,
  150 F.3d 1011, 1019 (9th Cir. 1998) ....................................................passim

Harris v. Palm Springs Alpine Estates, Inc.,
  329 F.2d 909, 913 (9th Cir. 1964) ..............................................................17

Harrison v. Enter. Rent-A-Car,
  6 Wage and Hour Cas. 2d (BNA) 1339, 1341 (M.D. Fla. 1998) ...............16

iii

**TABLE OF AUTHORITIES**: (continued)         <u>Page(s)</u>

Hipp v. Liberty Nat'l Life Ins. Co.,
  252 F.3d 1208, 1217 (11th Cir. 2001) ........................................................ 15

Hoffmann-La Roche, Inc.,
  493 U.S. at 168-169 ..................................................................................... 35

Horton v. Merrill Lynch,
  855 F. Supp. 825, 827 (E.D.N.C. 1994) .................................................. 24, 25

Huguley v. Gen. Motors Corp.,
  128 F.R.D. 81, 85 (E.D. Mich. 1989) .......................................................... 30

In Re Activision Sec. Litig.,
  723 F. Supp. 1373, 1375 (N.D. Cal. 1989) ................................................... 32

In re Oracle Sec. Litig.,
  829 F. Supp. at 1179 ................................................................................ 25, 27

In Re S. Ohio Corr. Facility,
  75 F.R.D. 270, 272 (S.D. Ohio 1997) ........................................................... 28

Ingram v. The Coca-Cola Co.,
  200 F.R.D. 685, 694 (N.D. Ga. 2001) ................................................ 28, 29, 30

Kelly v. City and County of San Francisco,
  No. C05-1287, 2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) ................ 15, 17

Lightbourn v. County of El Paso, Tex.,
  118 F.3d 421, 426 (5th Cir. 1997) ................................................................ 19

Lynn's Food Stores, Inc. v. U.S.,
  679 F.2d 1350, 1353 (11th Cir. 1982) .......................................................... 33

Martens v. Smith Barney,
  No. 96 Civ. 3779, 1998 WL 1661385, at *4 (S.D.N.Y. July 28, 1998) and 181 F.R.D.
  243, 262 (S.D.N.Y. 1998) ............................................................................. 28

Mendoza v. Tucson School Dist. No. 1,
  623 F.2d 1338, 1351 (9th Cir. 1980) ............................................................ 37

Michael Milken & Assocs. Sec. Litig.,
  150 F.R.D. 57, 60 (S.D.N.Y. 1993) .............................................................. 37

Morelock Enterprises, Inc. v. Weyerhaeuser Co.,
  NO. CV 04-583-PA, 2004 WL 2997526, at *5-6 (D. Or. Dec. 16, 2004) ........ 24

Murillo v. Texas A&M Univ. Sys.,
  921 F. Supp. 443, 445 (S.D. Tex. 1996) ....................................................... 26

Murray v. Local 2620, Dist. Council 57, AFSCME, AFL-CIO,
  192 F.R.D. 629, 631 (N.D. Cal. 2000) ......................................................... 17

**TABLE OF AUTHORITIES**: (continued)                                    Page(s)

Officers for Justice v. Civil Serv. Comm'n,
   688 F.2d 615, 625 (9th Cir. 1982) ...............................................................25, 27

Realite v. Ark Rests. Corp.,
   7 F. Supp. 2d 303 (S.D.N.Y. 1998) ......................................................................16

Rees v. Souza's Milk Transp., Co.,
   No. CVF05-00297, 2006 WL 738987 (E.D. Cal. Mar. 22, 2006).............................17

Roberts v. Texaco, Inc.,
   979 F. Supp. 185 (S.D.N.Y. 1997) ..................................................................28, 29

Romero v. Producers Dairy Foods, Inc.,
   235 F.R.D. 474 (E.D. Cal. 2006).........................................................................17

Rosario v. Livaditis,
   963 F.2d 1013, 1017-18 (7th Cir. 1992)..........................................................18, 19

San Francisco NAACP v. San Francisco Unified School Dist.,
   576 F. Supp. 34, 43 (N.D. Cal. 1983)..................................................................25

Sav-on Drug Stores, Inc. v. Super. Ct.,
   34 Cal. 4th 319, 340 (2004) ................................................................................30

Six Mexican Workers v. Arizona Citrus Growers,
   904 F.2d 1301, 1311 (9th Cir. 1990) ...................................................................32

Stalnaker v. Novar Corp.,
   293 F. Supp. 2d 1260 (M.D. Ala. 2003) ..............................................................33

Staton v. Boeing Co.,
   327 F.3d 938, 977 (9th Cir. 2003) .......................................................................28

Tierno v. Rite Aid Corp.,
   No. C05-02520, 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) ..............................17

Torrisi v. Tucson Elec. Power Co.,
   8 F.3d 1370, 1376 (9th Cir. 1993) .......................................................................31

United States v. Truckee-Carson Irrigation Dist.,
   71 F.R.D. 10, 18 (D. Nev. 1975) .........................................................................34

Van Vranken v. Atlantic Richfield Co.,
   901 F. Supp. 294 (N.D. Cal. 1995).......................................................................29

Vizcaino v. Microsoft Corp.,
   290 F.3d 1043, 1047 (9th Cir. 2002) ...................................................................31

Wang v. Chinese Daily News, Inc.,
   231 F.R.D. 602 (C.D. Cal. 2005).........................................................................17

Wehner v. Syntex Corp.,
   117 F.R.D. 641, 644 (N.D. Cal. 1987) .................................................................19

**TABLE OF AUTHORITIES**: (continued)                                    Page(s)

Williams v. MGM-Pathe Communications Co.,
  129 F.3d 1026, 1027 (9th Cir. 1997) ..........................................................31

**State Cases**

Bell v. Farmers Insurance Exch.
  115 Cal. App. 4th 715 (2004) .................................................. 29

Sav-on Drug Stores, Inc. v. Super. Ct.
  34 Cal. 4th 319 (2004) .................................................. 30

**Docketed Cases**

Butler v. Home Depot, Inc.,
  No. C 94-4335 SI (N.D. Cal. January 14, 1998) ................................29, 31

**Federal Statutes**

42 USC
  § 1981..........................................................................................27
  § 1983..........................................................................................27

29 USC
  216(b) ..........................................................................................passim

Federal Rule of Civil Procedure 23 ..........................................................passim

**State Statutes**

California's Unfair Competition Law, Business and Professions Code § 17200 .............5

**Other Authorities**

Manual for Complex Litigation,
  Fourth (Fed. Judicial Center 2004)................................................12, 25, 29

Newberg on Class Actions
  4th Ed. (2002) ................................................................12, 25, 32

**NOTICE IS HEREBY GIVEN** that on November 3, 2008, pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo on behalf of themselves and all others similarly situated, will and do hereby move this Court, located at, for entry of the proposed Order filed concurrently herewith:

1.      Preliminarily certifying the class for purposes of settlement;

2.      Preliminarily appointing Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo as Class Representatives for purposes of settlement;

3.      Preliminarily appointing the law firms of Ackermann and Tilajef, PC and Michael Malk, Esq., APC as Class Counsel for purposes of settlement;

4.      Preliminarily approving the Maximum Settlement Amount of $557,500, plus the employer's share of payroll taxes on any settlement amounts paid for back wages, for settlement of the instant class action;

5.      Preliminarily approving the Service Award of $6,000 to each Plaintiff (for a total of $24,000) in recognition of their service to the class in creating the settlement;

6.      Preliminarily approving Class Counsel's request for 25% of the Maximum Settlement Amount as attorneys' fees, plus reimbursement of actual costs expended (estimated at $5,000);

7.      Appointing Settlement Services, Inc. as the third-party responsible for mailing notice and for claims administration, and approving that up to $20,000 be

1

deducted from the Maximum Settlement Amount for the costs of claims administration; and,

8.      Approving the proposed Class Notice and ordering that it be issued as provided in the Settlement.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

2

# I.    INTRODUCTION

Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo seek preliminary approval of the proposed class action settlement of wage and hour claims with Defendant, Plycon, Inc. ("Plycon").  The Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"), which includes the Proposed Notice of Class Action Settlement and Claim Form/Consent to Join Form as Exhibits, is attached to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement filed herewith.  Plycon concurs in Plaintiffs' instant Motion.  The proposed Settlement Agreement satisfies all of the criteria for preliminary settlement approval under Federal Rule of Civil Procedure 23 and falls well within the range of reasonableness.  Accordingly, Plaintiffs request that the Court grant preliminary approval of the proposed Settlement, approve the proposed notice plan, and schedule a final approval hearing, all as more specifically described below.

The basic terms of the proposed Settlement Agreement are as follows:

(1)    Plycon is to pay up to $557,500 in monetary relief ("the Maximum Settlement Amount"), plus the employer's share of payroll taxes on the amounts paid to individuals as back wages.

(2)    $369,125 of the Maximum Settlement Amount is estimated to be available for distribution to the approximately 133 Class Members, based upon the number of weeks each worked in the Settlement Class Period of March 4, 2004 through July 8, 2008.  It is estimated that Settlement Class Members will receive approximately $36.91 for each week worked during the Class Period.  Settlement Class Members must file a valid and timely Claim Form/Consent to Join Form to receive their share of the settlement.  Any unclaimed funds will remain with Plycon.

(3)    Plaintiffs will apply for, and Plycon will not oppose, an award of attorneys' fees of $139,375 (25% of the Maximum Settlement Amount), plus actual costs expended, to be deducted from the Maximum Settlement Amount of $557,500.

(4)    Plaintiffs will request, and Plycon will not oppose, a Service Award of

$6,000 for each Plaintiff to be paid out of the Maximum Settlement Amount in recognition of their role in creating the Maximum Settlement Amount on behalf of the Class.

(5)     Settlement Services, Inc. an experienced class action claims administrator, will administer the Settlement, with the costs of administration, in an amount not to exceed $20,000, to be paid from the Maximum Settlement Amount.

## II.     BACKGROUND OF CASE AND SETTLEMENT DISCUSSIONS

A.     **Procedural History**

The Action was filed by Plaintiffs Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and Jose B. Tec Temayo on March 4, 2008 as a collective action on behalf of all those similarly situated alleging Defendant had misclassified them and all other warehouse workers employed by Plycon in California as exempt from the California and federal overtime laws and failed to pay them required overtime payments, failed to provide accurate final paychecks, and failed to provide accurate and timely wage statements showing accurate hours worked.  Plaintiffs also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code § 17200, et seq.  Plaintiffs amended the complaint on March 19, 2008 in order to bring the case as a class action under California law, as well as a collective action under the FLSA.

The Parties have conducted informal discovery and investigation of the facts and law both before and after the Action was filed.  See Declaration of Michael Malk ("Malk Decl.") at ¶¶ 3-4.  Since January 2008, Plaintiffs' Counsel has conducted a thorough investigation into the facts of this putative class action, including interviewing witnesses and reviewing documents.  Plaintiffs' Counsel provided defendant with signed declarations from each named Plaintiff describing their job duties and work hours.  Id. at ¶ 3.  The parties exchanged and analyzed voluminous pages of documents, including class job history and compensation data provided by Defendant.  Id.  Among

other things, Class Counsel discovered that Plycon previously paid overtime to its warehouse employees (based on its belief that the Motor Carrier Act applied to those employees), but stopped doing so shortly before the commencement of the class period.

Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the suitability of the action for class and/or collective action treatment, the claims of Plaintiffs, the defenses thereto and the damages claimed by Plaintiffs.  Id. at¶ 4.  The Parties have also exchanged detailed mediation briefs analyzing the facts and law applicable to this case, and exchanged extensive damages analyses.  Id.

**B.**   **Settlement Negotiations**

The parties held an in-person mediation with mediator Gig Kyriacou in Los Angeles on July 9, 2008 and it lasted a full day.  Id. at ¶5.  Defendant was represented by Christy Joseph and Brian Mills, a partner and senior associate, respectively, at Snell and Wilmer, LP.  Id.  Plaintiffs attended the mediation in person, and were represented by Craig Ackermann, partner at Ackermann and Tilajef, PC., Michael Malk of the Malk Law Firm, and settlement consultant and Class Action veteran Barry Goldstein from Goldstein, Demchak, Baller, Borgen & Dardarian.  Id.  The parties reached a settlement late that day,  Id., and continued to negotiate the details of the class settlement for another several weeks.  Id.

### III.   SUMMARY OF SETTLEMENT TERMS

The proposed settlement resolves all claims of the Plaintiffs and Class Members against Plycon as set forth in the Complaint filed in the Action.  The details of the settlement are contained in the Settlement Agreement attached to the Proposed Order filed herewith.  The settlement terms may be summarized as follows:

**A.**   **Class Definition**

Plaintiffs seek certification of a settlement class defined as all former Plycon, Inc. warehouse employees in California, whose names appear on Exhibit 1 to the Joint Stipulation, during the period of March 19, 2004 through July 8, 2008.

**B.      Settlement Amount**

Plycon will pay up to $557,500 (the "Maximum Settlement Amount") and will pay the employer's share of payroll taxes arising from such payments.  A Service Award to the Named Plaintiffs, and Administration Costs, if approved by the Court, will be deducted from the Maximum Settlement Amount.  Plaintiffs are requesting that the Court award a total of $6,000 as a Service Award to each Named Plaintiff.  Class Counsel request that the Court award Class Counsel fees in the amount of 25% of the Maximum Settlement Amount, plus actual costs expended estimated to be $5,000.  Plaintiffs also request that the Court approve Claims Administration costs, not to exceed $20,000, to be deducted from the Maximum Settlement Amount.  Once these deductions are made, the balance of the Maximum Settlement Amount ("Net Settlement Amount"), approximately $369,125, will be available for distribution to Class Members on a pro-rata basis.  Those Class Members who file valid and timely Claim Forms/Consent to Join Forms will receive their Settlement Amounts.  Any unclaimed amounts remain with Plycon.

**C.      Calculation of Class Members' Individual Settlement Awards**

Assuming the Court approves Plaintiffs' requested Service, and Class Counsel's attorney's fees and expenses, and after deducting the costs of Claims Administration, a Net Settlement Amount of approximately $369,125 will be allocated among all Class Members.  The Net Settlement Amount will be divided by the total number of weeks all Class Members worked as warehouse workers from March 19, 2004 through July 8, 2008 (the "Class Period") to arrive at a value per week.  That value per week will then be multiplied by the number of weeks worked by each Class Member.  Malk Decl. ¶ 11.  The resulting amount will be the Class Member's Settlement Award ("Settlement Award").  The number of weeks worked will be determined from Plycon's records (although Class Members who believe Plycon's records are in error will have an opportunity to contest those records).  The amount of any Settlement Awards unclaimed by Class Members will be retained by Plycon.  Id.

Class Members should actually receive approximately $36.91 for each week worked during the Settlement Class Period (minus applicable payroll tax deductions). Id. at ¶ 12.  Class Members will thus receive approximately $1,920 for each year worked during the class period.

The Settlement further provides that one-third (1/3) of each Class Member's Settlement Award will be considered wages, reportable as such to the applicable taxing authorities.  Two-thirds (2/3) of each such Settlement Award represents the payment of interest, penalties, and liquidated damages  under California Labor Code sections 203 and/or 226 and will not be subject to federal, state and local payroll withholding taxes. Malk Decl. ¶ 13.

**D.    Named Plaintiffs' and Class Members' Releases of Claims**

Plaintiffs and all Settlement Class Members who submit valid and timely Claim and Release Forms by the Claims Deadline (30 days after the first notice mailing) will release their wage-related Claims.  Id. at 14.  Class Members who do not opt out of the settlement by the Opt-Out or Exclusion Deadline (30 days after the first notice mailing) release their Claims.  Additionally, assuming the Court approves the requested Service Award, the Named Plaintiffs will provide Plycon a general release of all claims against it.

**E.    Administration of Notice, Objections, and Claims**

The actual costs of administration, not to exceed $20,000, will be deducted from the Maximum Settlement Amount.  Malk Decl. ¶ 15.  The parties have selected Settlement Services, Inc., an experienced claims administrator, to serve as the Claims Administrator.  Id.  Within five (5) days of preliminary approval of the Settlement, Plycon will provide Settlement Services, Inc. with the names, last known addresses, telephone numbers, social security numbers, dates of employment, and weeks worked during the Class Period for each Class Member.  The list shall be marked "Confidential—Attorneys' and Claims Administrator's Eyes Only."  Id. at ¶ 15.  Within fourteen (14) days of preliminary approval, Settlement Services, Inc. will mail all Class

7

Members the class notice, Claim and Release, and Opt-Out forms.  Id at ¶ 16.  The Claim and Release Form will provide an estimate of the individual Class Member's share of the settlement.  Id.  Class Members may challenge and seek correction of the data regarding the number of weeks they worked during the Settlement Class Period, with all challenges to be determined by Settlement Services, Inc., based upon Plycon's records and any information Class Members provide.  Id.  Class Members have thirty (30) days from the notice mailing to submit a claim.  All Claim and Release Forms submitted to Settlement Services, Inc. by the Claim Deadline shall be deemed filed in this Action.  The proposed Claim and Release Form and Settlement Class Notice are attached to the Settlement Agreement as Exhibits 3 and 4.

The notice informs each Settlement Class Member of his or her right to object to the settlement.  Malk Decl. at ¶ 17.  Settlement Class Members who wish to object to the Settlement must object in writing, stating the basis for the objection, file the objection with the Court, mail to the Settlement Administrator and both parties, and be postmarked no later than thirty (30) days after the notice mailing.  Settlement Class Members who fail to file and serve timely written objections in the manner specified in the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  Eligible Settlement Class Members wishing to withdraw their objections must do so via a written withdrawal statement to the Settlement Administrator and filed with the Court no later than five (5) days before the final fairness hearing.

**F.    Procedure for Requesting Exclusion or Opting Out of Settlement**

With regard to their federal claims, Class Members shall be bound by the terms of the Settlement Agreement if they return a signed timely and valid Claim and Release Form, pursuant to the terms of the Settlement.

With regard to their claims under California state law, Class Members who wish to exclude themselves from the Settlement Agreement must submit an Election to be Excluded Form (Exhibit 5 to the Joint Stipulation) from, or opting out of, the Settlement

Class no later than the Exclusion Deadline (30 days after the first notice mailing). Settlement Services, Inc. will file the date-stamped originals of any Opt-out Statements with the Clerk of the Court not later than ten (10) business days prior to the date set for the Final Approval Hearing.  Settlement Services, Inc. will retain copies of all Opt-out Statements in its files until such time as it is relieved of its duties and responsibilities under this Settlement Agreement.  To the extent a Class Member submits an Opt-out Statement with language that differs from the language set forth in the Settlement Agreement, either party may seek review of the Court to have the Opt-out Statement declared valid or invalid.  All Class Members who do not timely opt out of the proposed settlement shall be bound by the resolution of any and all issues arising in connection with the Settlement Class' California law claims, including for attorneys' fees and costs. Malk. Decl. ¶ 19.

**G.**    **Mailing of Settlement Award Checks**

Class Members who submit valid Claim and Release Forms within thirty (30) days of initial mailing will receive a Settlement Award.  Settlement Services, Inc. will provide the Parties with their checks within twenty-one (21) days after the Effective Date.  Within fifteen (15) days of receiving information from the Claims Administrator, Plycon will transfer the aggregate Settlement Amount claimed by Class Members to Settlement Services, Inc.  Settlement Services, Inc. will then mail checks to Class Members within twenty-one (21) calendar days of the Effective Date of the Settlement. Malk Decl. ¶ 20.

**IV.    CLASS ACTION SETTLEMENT APPROVAL PROCEDURE**

A class action may not be dismissed, compromised or settled without the approval of the court.  <u>See</u> Fed. R. Civ. Proc. 23(e).  This process safeguards class members' procedural due process rights and enables the court to fulfill its role as the guardian of the class' interests.  <u>See</u> Alba Conte and Herbert Newberg, <u>Newberg on Class Actions</u> (4th Ed.) § 11:24, <u>et</u> <u>seq</u>. (2002) ("Newberg"); <u>Manual for Complex Litigation</u>, Fourth (Fed. Judicial Center 2004) ("<u>Manual</u>") § 21.63.

1   With this motion, Plaintiffs request that the Court take the first step in the

2   settlement approval process and grant preliminary approval of the proposed Settlement,

3   including Plaintiffs' application for a $6,000 Service Award to each Named Plaintiff,

4   and payment of Class Counsel's attorney's fees and expenses.  The purpose of the

5   Court's preliminary evaluation of the proposed Settlement is to determine whether it is

6   within the "range of reasonableness" and, thus, whether notice to the Class of the terms

7   and conditions of the Settlement, and the scheduling of a formal fairness hearing, are

8   worthwhile.  <u>See</u> <u>Newberg</u> § 11:26 at p. 39.  As set out in more detail in the next

9   section, the settlement herein provides substantial monetary relief (totaling up to

10  $557,500, inclusive of fees and costs) that is fair, reasonable and adequate.

11  The following schedule sets forth a proposed sequence for the relevant dates and

12  deadlines, assuming this Court grants preliminary approval of the proposed Settlement

13  on January 11, 2007.  Because this is a "claims made" settlement, and in order to allow

14  sufficient time for Class Members to be notified of the Settlement and timely file Claim

15  and Release Forms, the proposed schedule provides a 30-day claim filing period.  Malk

16  Decl. ¶ ___.  This schedule is also outlined in the proposed Order filed herewith.

|   |   |   |
|---|---|---|
| a. | First mailing of Notice of Class Settlement, Claim and Release Form, and Opt-Out Form to the Class | No later than _____ [No later than 14 days after Preliminary Approval] |
| b. | Follow-up mailing to Class (when defective Claim Form/Consent to Join Form submitted) | As needed. |
| c. | Deadline to postmark Claim and Release Form | _____ [30 days after Notice mailing] |
| d. | Deadline to serve Objections | _____ [30 days after |

10

|  |  |  |  |
|---|---|---|---|
|  |  |  | Notice mailing and received by the Settlement Administrator no more than 10 days after the postmark] |
|  | e. | Deadline for filing Notice of Appearance to Object and Objections to Settlement | _____ [30 days after Notice mailing] |
|  | f. | Final Approval Hearing | _____ [21 days after Final Approval papers are filed] |
|  | g. | Payment of Settlement Awards | Within twenty-one (21) days of the Effective Date |
|  | h. | Payment of Attorney's Fees and Expenses to Plaintiffs' Counsel | Within twenty (21) days of the Effective Date |
|  | i. | Deadline for Settlement Administrator to file with the Court and provide Class Counsel with a Declaration of Payment and Completion of Administration of Settlement | Within 21 business days of Settlement Administrator mailing the checks |

## V.    THE COURT SHOULD APPROVE THE CLASS ACTION SETTLEMENT.

The terms of the Settlement provide a complete plan for notice to the class, for class members to object or opt-out of the class settlement of the California claims, for class members to opt in for the federal claims, for class members to submit claims, and

11

1    for distribution of settlement payments upon this Court's final approval of the

2    settlement.  Plaintiffs requests that the Court enter the proposed Order and Plycon

3    concurs in that request.

4    A.    **The Court Should Conditionally Certify a Settlement Class.**

5    　　　Certification of the settlement class identified in the proposed Order is

6    appropriate under FLSA, 29 U.S.C. section 216(b), and the Federal Rules of Civil

7    Procedure 23(a) and 23(b)(3) for the reasons set forth below.  Such a "hybrid" class

8    action is appropriate.  See e.g. Kelly v. City and County of San Francisco, No. C05-

9    1287, 2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) (certifying Rule 23 class after

10    previously issuing 216(b) notice).

11    　　　1.    **The FLSA Collective Action Meets the Requirements of 29 U.S.C. §**

12    　　　　　　　**216(b).**

13    　　　An employee alleging violations of FLSA may bring an action on behalf of all

14    "other similarly situated employees."  29 U.S.C. § 216(b).  Collective actions benefit the

15    judicial system by enabling the "efficient resolution in one proceeding of common

16    issues of law and fact," and by providing plaintiffs with the opportunity to "lower

17    individual costs to vindicate rights by pooling of resources."  Hoffmann-LaRoche, Inc.

18    v. Sperling, 493 U.S. 165, 170 (1989).  The FLSA's "collective action" provision allows

19    one or more employees to bring an action for overtime compensation on "behalf of

20    himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b);

21    Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001).  The standard

22    for collective action "is considerably less stringent than the" proof required pursuant to

23    Fed. R. Civ. P. 23 for class certification.  Grayson v. K Mart Corp., 79 F.3d 1086, 1096

24    (11th Cir. 1996).  See also Church v. Consol. Freightways, Inc., 137 F.R.D. 294, 304

25    (N.D. Cal. 1991) (refusing to apply the more stringent Rule 23 requirements to a

26    § 216(b) ADEA action).  For an overtime case, the "similarly situated" standard is met

27    where the class members share similar (not identical) job requirements and pay

28    provisions.  See Dybach v. State of Florida Dept. of Corrs., 942 F.2d 1562,1567-68

1   (11th Cir. 1991); <u>Belcher v. Shoney's, Inc.</u>, 927 F. Supp. 249, 251 (M.D. Tenn. 1996);

2   <u>Harrison v. Enter. Rent-A-Car</u>, 6 Wage and Hour Cas. 2d (BNA) 1339, 1341 (M.D. Fla.

3   1998).  <u>See</u> <u>also</u> <u>Realite v. Ark Rests. Corp.</u>, 7 F. Supp. 2d 303 (S.D.N.Y. 1998)

4   (minimum wage and overtime case, authorizing "opt-in" notice to restaurant employees

5   in 15 different restaurants holding a variety of different positions, including waiter,

6   dishwasher, cook, and security guard).  Here, the putative class members worked in the

7   same location, shared the same job function and duties (i.e.,working in the warehouse),

8   and were paid under similar compensation systems.  The class members are similarly

9   situated, so the court should certify the FLSA collective action for settlement.

10        **2.**      **<u>The Rule 23 Standards are Satisfied With Respect to the California</u>**

11              **<u>Law Claims.</u>**

12      Federal district courts throughout California routinely certify California wage and

13   hour class actions under Rule 23.  <u>See</u>, <u>e.g.</u>, <u>Whiteway v. FedEx Kinko's Office and</u>

14   <u>Print Servs., Inc.</u>, No. C05-2320, 2006 WL 2642528 (N.D. Cal. Sept. 14, 2006); <u>Tierno</u>

15   <u>v. Rite Aid Corp.</u>, No. C05-02520, 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006);

16   <u>Romero v. Producers Dairy Foods, Inc.</u>, 235 F.R.D. 474 (E.D. Cal. 2006); <u>Rees v.</u>

17   <u>Souza's Milk Transp., Co.</u>, No. CVF05-00297, 2006 WL 738987 (E.D. Cal. Mar. 22,

18   2006); <u>Aguayo v. Oldenkamp Trucking</u>, CVF04-6279, 2005 WL 2436477 (E.D. Cal.

19   Oct. 3, 2005); <u>Wang v. Chinese Daily News, Inc.</u>, 231 F.R.D. 602 (C.D. Cal. 2005);

20   <u>Kelly</u>, 2005 WL 3113065.  Certification for settlement purposes is appropriate here.

21        **a.**      **<u>The Rule 23(a) Requirements Are Met.</u>**

22      All of the requirements for class certification pursuant to Federal Rule of Civil

23   Procedure Rule 23(a) and (b)(3) are met in this case.  Under Rule 23(a), a settlement

24   class must meet four requirements:  (1) numerosity; (2) commonality; (3) typicality; and

25   (4) adequacy of representation.  <u>See</u> <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th

26   Cir. 1998) (settlement class certification decision applying <u>Amchem Prods., Inc. v.</u>

27   <u>Windsor</u>, 521 U.S. 591, 117 S. Ct. 2231 (1997) in the context of a nationwide products

28   liability class action).

13

### i.   Numerosity

The numerosity requirement is met if the class is so large that joinder of all members would be impracticable.  See Murray v. Local 2620, Dist. Council 57, AFSCME, AFL-CIO, 192 F.R.D. 629, 631 (N.D. Cal. 2000) (citing Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913 (9th Cir. 1964)).  Here, the proposed class has approximately 133 members who were all identified through Plycon's employee and payroll files.  See Ex. 1 to the Joint Stipulation.  Thus, joinder is impracticable and the numerosity requirement is satisfied.

### ii.   Commonality

The commonality requirement is met if there are questions of law and fact common to the class.  See Hanlon, 150 F.3d at 1019.  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Id.  Commonality requires only that some common legal or factual questions exist; the plaintiffs need not show that all issues in the litigation are identical.  See Fed. R. Civ. P. 23(a)(2); See Rosario v. Livaditis, 963 F.2d 1013, 1017-18 (7th Cir. 1992) (not all facts must be in common; common nucleus of facts suffices).

The proposed class members' claims revolve around a uniform pattern of alleged statutory violations, satisfying commonality.  Plaintiffs allege that Plycon uniformly misclassified all warehouse workers as exempt from state and federal overtime compensation requirements, and deducted money from their wages for uniform expenses.  Thus "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable."  Blackie v. Barrack, 524 F.2d 891, 902 (9th Cir. 1975).  Here, the proposed class members' relief sought would have focused on the propriety of Plycon's exemption decision based upon the same job investigation and same common job duties and responsibilities upon which Plycon made that decision.  See General Tel. Co. of Southwest v. Falcon, 457 U.S. 147,

155 (1982) (commonality met where relief "turn[s] on questions of law applicable in the same manner to each member of the class.").

These similar legal and factual issues satisfy the commonality requirement of Rule 23(a)(2).  See Hanlon, 150 F.3d at 1019-20.

### iii.   **Typicality**

Plaintiffs are members of the proposed class and worked as warehouse employees as all class members; thus, the typicality requirement is satisfied.  The typicality requirement is met if the claims of the named representatives are typical of the claims of the class; "they need not be substantially identical." Hanlon, 150 F.3d at 1020.  See Fed. R. Civ. P. 23(a)(3); Lightbourn v. County of El Paso, Tex., 118 F.3d 421, 426 (5th Cir. 1997) (typicality focuses on similarity between named plaintiffs' legal and remedial theories and those of whom they purport to represent).  The claims of the named representatives in this case are typical of the claims of the class they represent because they arise from the same factual circumstances and are based on the same legal theory as those applicable to the class members.  See  Rosario, 963 F.2d at 1018 (plaintiffs' claims are typical if they arise from same practice or conduct that gives rise to the class claims and they are based on the same legal theory); Wehner v. Syntex Corp., 117 F.R.D. 641, 644 (N.D. Cal. 1987).  The class representatives and the class members claim that, *inter alia,* Plycon misclassified them as exempt, and failed to pay them overtime, made uniform deductions, failed to pay waiting time penalties, and failed to provide proper wage statements.  The Named Plaintiffs' claim is typical of the claims of the proposed class members, therefore satisfying the typicality requirement.  See Fed. R. Civ. P. 23(a)(3).

### iv.   **Adequacy of Representation**

The proposed Class Representative has and continues to "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  The class members are adequately represented if the named Plaintiffs and their counsel (1) do not have any conflicts of interest with other class members, and (2) will prosecute the case vigorously

15

1    on behalf of the class.  See Hanlon, 150 F.3d at 1020.  Those standards are met here.

2    The named Plaintiffs have the same interests as, and no conflicts with, the potential

3    class.  See Fed. R. Civ. P. 23(a)(4).  They therefore meet the adequacy of requirement of

4    Federal Rule of Civil Procedure 23.

5          Under the proposed settlement, all of the class members who submit timely

6    claims will receive a pro-rata portion of the settlement fund based on the number of

7    weeks they worked as warehouse employees during the relevant time frame.  Thus, no

8    settlement allocation questions are raised.[1]  Hanlon, 150 F.3d at 1021.  Furthermore,

9    there is no "structural conflict of interest based on variations in state law," since

10   California law is the only state law that applies.  Id.  Additionally, the settlement is

11   reasonably "narrowly circumscribed," and any class member who wishes to "opt out" of

12   the settlement may do so.  See id.  "Given these careful precautions and safeguards," id.,

13   there is no improper conflict of interest between the Named Plaintiffs and their counsel

14   and any other member of the class.

15         Named Plaintiffs and their counsel have prosecuted the action vigorously on

16   behalf of the class.  Plaintiffs submitted detailed declarations regarding their job duties

17   in light of Plycon's defenses based on the Motor Carrier Act ("MCA"), whether

18   subsections or all of the Class Members were subject to the MCA, and thus exempt

19   from overtime, was hotly contested, and the subject of much debate between counsel.

20   Further, Plaintiffs assisted counsel in conducting informal discovery, have prepared for

21   and attended a full day mediation, as well as maintained contact with counsel during the

22   subsequent weeks.  Malk Decl. ¶ 5.  Plaintiffs' Counsel has prosecuted a number of

23   class action lawsuits in the employment and overtime wage context and vigorously

24   prosecuted the instant action to a successful settlement.  See id. at ¶¶ 21-23.  Thus,

25

26   ───────────────────────
     [1] Pending Court approval, Plaintiffs Oseas Esequiel Dzul Cetz, Jaime Lemus, Mariano Menjivar, and
27   Jose B. Tec Temayo will receive $6,000 each for their efforts on behalf of the Class and the class
     members.  Other than those amounts, all of the Class members are eligible to receive a portion of the
28   balance of the Settlement fund for each week they worked during the class period.

Plaintiffs' Counsels' prosecution of this case has been sufficiently vigorous to meet the requirement of Rule 23(a)(4).

Under the foregoing circumstances, the requirements of Rule 23(a) are met with respect to the proposed settlement class.

### b.   The Proposed Settlement Meets the Requirements of Rule 23(b)(3) As Well.

Federal Rule of Civil Procedure 23(b)(3) allows class certification where common questions of law and fact predominate over individual questions and class treatment is superior to individual litigation. Fed. R. Civ. P. 23(b)(3). When assessing predominance and superiority, the court may consider that the class will be certified for settlement purposes only, and that a showing of manageability of trial is not required. Amchem, 521 U.S. at 618-620. The test is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 623; Hanlon, 150 F.3d at 1022.

Here, the proposed class is sufficiently cohesive: class members share a "common nucleus of [operative] facts and potential legal remedies[,]" as was found in Hanlon, 150 F.3d at 1022, where the Ninth Circuit approved class certification under Amchem standards.[2] The Plaintiffs and all class members seek damages resulting from Plycon's misclassification of their and all other warehouse employees as exempt from the California and federal overtime laws, Plycon's failure to pay them required overtime payments at the time of termination of employment, practice of making unauthorized deductions from wages for uniform expenses, failure to provide accurate paychecks, and Plycon's failure to provide accurate wage statements. Thus, this settlement class is more appropriate for certification than the class in Hanlon, where the plaintiffs asserted

---

[2] In Amchem, the Court found that the proposed class of individuals who had been exposed to asbestos was not sufficiently cohesive, and that the named Plaintiffs and their counsel could not adequately represent those class members who had not yet suffered injuries. There are no such basic disparities in circumstances dividing the class members here, as existed in Amchem.

1  claims under various states' laws and the Court had to acknowledge that the class

2  members may possess "slightly differing remedies based on state statute or common

3  law." Id.

4      Furthermore, class resolution is superior to other available methods for the fair

5  and efficient adjudication of the controversy. See Hanlon, 150 F.3d at 1023. The

6  superiority requirement involves a "comparative evaluation of alternative mechanisms

7  of dispute resolution." Id. Class treatment here allows 133 current and former

8  warehouse employees to resolve their overtime and related claims in one forum at one

9  time, thereby eliminating repetitive litigation. Class treatment for settlement purposes

10  also provides Plycon with complete peace regarding the class members' claims, because

11  all class members who do not opt out of the settlement will release their California

12  claims against Plycon.

13      In sum, certification of the proposed settlement class is appropriate under Federal

14  Rules of Civil Procedure 23(a) and 23(b)(3). This Court should conditionally certify the

15  proposed class for settlement purposes.

16  **B.**   **The Court Should Appoint Plaintiffs' Counsel as Class Counsel.**

17      When appointing class counsel, Rule 23(g) requires the Court to consider the

18  following four factors: whether 1) counsel has investigated the class claims, 2) counsel

19  is experienced in handling class actions and complex litigation, 3) counsel is

20  knowledgeable regarding the applicable law, and 4) counsel will commit adequate

21  resources to representing the class. Fed. R. Civ. P. 23(g); see Angotti v. Rexam, Inc.,

22  NO. C 05-5264 CW, 2006 WL 2691398, at *5 (N.D. Cal. 2006); Morelock Enterprises,

23  Inc. v. Weyerhaeuser Co., NO. CV 04-583-PA, 2004 WL 2997526, at *5-6 (D. Or. Dec.

24  16, 2004).

25      Plaintiffs' counsel is well qualified and easily meets the standards of Rule 23(g).

26  See Malk Decl. ¶¶ 21-23. Counsel conducted pre-litigation investigation of the class

27  claims, and conducted formal and informal discovery, reviewing and analyzing

28  voluminous documents. See Malk Decl. ¶¶ 3-5. Plaintiffs' counsel spent many hours

researching the motor carrier exemption and conducting interviews prior to mediation. Id.  Plaintiffs' counsel prepared for and took part in a full-day mediation session.  Id. Accordingly, appointment of Plaintiffs' counsel as Class Counsel is appropriate.

**C.**      **The Court Should Preliminarily Approve the Settlement.**

Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on court approval.  See Hanlon, 150 F.3d at 1025.  Class-action settlements are generally subject to a two-step approval process:  "[f]irst the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval' or, in other words, whether there is 'probable cause' to notify the class of the proposed settlement."  Horton v. Merrill Lynch, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quoting Armstrong v. Bd. of School Directors, 616 F.2d 305, 314 (7th Cir. 1980)).  Preliminary or conditional approval allows parties to avoid the unnecessary expenditure of resources arising from notice to the class of a settlement that cannot possibly gain court approval.

If a proposed settlement receives preliminary approval, the parties provide notice to the class in a manner determined by the court.  A Rule 23(b)(3) class action requires individual notice to "all members who can be identified through reasonable effort." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000).

Once the court grants preliminary approval and notice is provided, the court conducts a "fairness hearing," at which all interested parties are afforded an opportunity to be heard.  Horton, 855 F.2d at 827.  At such a hearing, the Court conducts a substantive evaluation of the proposed settlement to determine whether it is "fundamentally fair, adequate, and reasonable."  San Francisco NAACP v. San Francisco Unified School Dist., 576 F. Supp. 34, 43 (N.D. Cal. 1983) (quoting Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982)) rev'd. 896 F.2d 412 (9th Cir. 1990); In Re Oracle Sec. Litig., 829 F. Supp. 1176, 1179 (N.D. Cal. 1993).

As long as " the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly

19

preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval," the court should preliminarily approve the settlement. Newberg § 11.25; <u>see also</u> Manual § 21.632.

### 1.   <u>The Settlement is Within the Range of Reasonableness.</u>

Members of the Settlement Class will receive a fixed pro rata portion of the Maximum Settlement Amount based on the number of weeks they worked as warehouse employees for Plycon during the relevant time period, which is March 4, 2004 through July 8, 2008.  <u>See</u> Malk. Decl. ¶¶ 11-12.  It is estimated that Settlement Class Members will receive approximately $36.91 for each week worked during the Class Period, for a total recovery of over $1,920 for each year worked during the class period.  The Settlement Amounts will be distributed on a claims-made basis, with any amount of unpaid claims to remain with Plycon.  In order to recover, class members will be required to timely submit a simple Claim and Release Form.  <u>See id.</u> at ¶14; Exh. 1 to 6 to the Stipulation and Settlement Agreement.  The settlement is well within the range of reasonableness.

### 2.   <u>The Settlement is the Product of Non-Collusive, Arms-Length and Informed Negotiations.</u>

"There is an initial presumption of fairness when a proposed class settlement was negotiated at arm's length by counsel for the class."  <u>Murillo v. Texas A&M Univ. Sys.</u>, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (approving a class action settlement of claims brought on behalf of several hundred farmworkers for alleged violations of the FLSA, 42 U.S.C. § 1983, and the Migrant and Seasonal Agricultural Worker Protection Act). Other factors that courts consider in assessing a settlement proposal include:  (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of

20

1    the proceedings; (6) the experience and views of counsel; (7) the presence of a

2    government participant; and (8) the reaction of the class members to the proposed

3    settlement. <u>See</u> <u>Hanlon</u>, 150 F.3d at 1026; <u>see also</u> <u>In re Oracle Sec. Litig.</u>, 829 F. Supp.

4    at 1179.  The district court must explore these factors comprehensively, but "the

5    decision to approve or reject a settlement is committed to the sound discretion of the

6    trial judge." <u>Hanlon</u>, 150 F.3d at 1026.

7         Furthermore, courts must give "proper deference to the private consensual

8    decision of the parties." <u>Id.</u> at 1027.  Settlement is the preferred means of dispute

9    resolution, particularly in complex class litigation. <u>See</u> <u>Officers for Justice</u>, 688 F.2d at

10    625 (class action suit challenging allegedly discriminatory employment practices by a

11    police department under 42 U.S.C. §§ 1981 and 1983).  "[T]he court's intrusion upon

12    what is otherwise a private consensual agreement negotiated between the parties to a

13    lawsuit must be limited to the extent necessary to reach a reasoned judgment that the

14    agreement is not the product of fraud or overreaching by, or collusion between, the

15    negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

16    adequate to all concerned." <u>Hanlon</u>, 150 F.3d at 1027.

17         Counsel for both parties have conducted a thorough investigation into the facts of

18    this case and diligently investigated the Class members' claims against Plycon.  Malk

19    Decl.___.  The parties negotiated the proposed Settlement in good faith and at arms

20    length.  <u>Id.</u> at ¶¶ ___.  The settlement amount is an exceptional result for class members.

21    <u>Id.</u> at ¶ __   The risk, expense, complexity and likely duration of further litigation if the

22    case is not settled further support settlement at this time.  <u>Id.</u>  Moreover, the Settlement

23    was recommended by a very experienced neutral mediator, Gig Kyriacou.  <u>Id.</u>

24

25

26

27

28

**3.** **Payments to the Named Plaintiffs and to Class Members who Filed Consent to Join Forms Prior to Settlement are Fair and Reasonable and Routinely Approved.**

From the Maximum Settlement Amount of $557,500, the Class Representatives will be paid a Service Award of $6,000 each (approximately 1% of the Maximum Settlement Amount) for a total of $24,000 (approximately 4.3% of the Maximum Settlement Amount).  Named Plaintiffs in class action litigation are eligible for reasonable participation payments and the amount requested here is reasonable.  See Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003).  "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation."  Ingram v. The Coca-Cola Co., 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving $300,000 payment to each class representatives Plaintiffs in employment case settling before class certification) (quoting In Re S. Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); Martens v. Smith Barney, No. 96 Civ. 3779, 1998 WL 1661385, at *4 (S.D.N.Y. July 28, 1998) and 181 F.R.D. 243, 262 (S.D.N.Y. 1998) (approving payments of up to $150,000 for named plaintiffs, for a total of $1.9 million in incentive payments for employment case settling prior to class certification); Roberts v. Texaco, Inc., 979 F. Supp. 185 (S.D.N.Y. 1997) (approving incentive payments up to $85,000 for named plaintiffs in employment case settling prior to class certification); see also Bell v. Farmers Ins. Exch., 115 Cal. App. 4th 715, 726 (2004) (upholding "service payments" to Named Plaintiffs for their efforts in bringing class case); Manual § 21.62 n. 971 (noting that Service Awards are warranted); Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294 (N.D. Cal. 1995) (approving settlement in which named Plaintiffs received $50,000 for work in gasoline pricing class action); Butler v. Home Depot, Inc., No. C 94-4335 SI (N.D. Cal. January 14, 1998) (named Plaintiff Jamie Wilson received a total of $31,155 in recognition of

the risk and potential liability related to being a Plaintiff and in consideration of the time and effort she expended in the litigation).

The factors courts use in determining the amount of service awards include (1) a comparison between the service awards and the range of monetary recovery available to the class; see, e.g., Ingram, 200 F.R.D. at 694; Roberts, 979 F. Supp. at 204; (2) time and effort put into the litigation; see, e.g., Van Vranken, 901 F. Supp. at 299; Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998); (3) whether the litigation will further the public policy underlying the statutory scheme, see e.g., Roberts, 979 F. Supp. at 201 n.25; and (4) risks of retaliation, see e.g. Roberts, 979 F. Supp. at 202, Cook, 142 F.3d at 1016.

All of the above factors support the Service Award requested here.  The relatively small Service Award of $6,000 to Named Plaintiffs is intended to compensate them for the critical role they played in this case, the substantial time, efforts, and risks undertaken in helping secure the exceptional result obtained on behalf of the Class, and the liquidation of their claims against Plycon.  In agreeing to serve as Class Representatives, they formally agreed to accept the responsibilities of representing the interests of all Class Members.  Malk Decl. ¶ 2.  They provided documents, provided witnesses, and assisted Plaintiffs' counsel in preparing for mediation and in seeking informal discovery in support of the Class.  Id. at ¶ 4.  They prepared and evaluated the case for mediation, attended the full-day mediation session, and carefully considered, evaluated, and approved the proposed settlement on behalf of the class.  Id.  By actively pursuing this action, Named Plaintiffs also furthered the twin California public policy goals of enforcing the overtime laws and making appropriate use of the class action device.  See Sav-on Drug Stores, Inc. v. Super. Ct., 34 Cal. 4th 319, 340 (2004) (recognizing remedial nature of overtime laws and public policy encouraging use of the class action device).  Further, the Settlement Agreement provides that Class Members release only their California and Federal Claims raised or which could have been raised in this Action in exchange for a Settlement Award, while Named Plaintiffs will sign a

1  general release of all claims against Plycon in exchange for their Service Award.  <u>See</u>
2  Settlement Agreement at page 22.

3        These payments may be analogized to payments made to Class members in other
4  cases, who have stepped forward and accepted the risks and burdens of litigation, of
5  which absent Class members receive the benefit.  <u>See Ingram</u>, 200 F.R.D. at 694
6  ($3,000 awards to Class member affiants); <u>Huguley v. Gen. Motors Corp.</u>, 128 F.R.D.
7  81, 85 (E.D. Mich. 1989) (court finds it "entirely fair" that "[n]amed plaintiffs and
8  witnesses are entitled to more consideration than class members generally because of
9  the onerous burden of litigation that they have borne"); <u>Bryan v. Pittsburgh Plate Glass</u>
10 <u>Co.</u>, 59 F.R.D. 616, 617 (W.D. Pa. 1973) (approving "special awards" to Class members
11 "who were most active in the prosecution of this case"); <u>see</u> <u>also</u> <u>Butler v. Home Depot,</u>
12 <u>Inc.</u>, No. C 94-4335 SI (N.D. Cal. January 14, 1998) ($4,000 to each of 80 class
13 members who provided a declaration on behalf of the class.).

14        **4.    <u>The Court Should Preliminarily Approve Class Counsel's Request for</u>**
15        **<u>a 25% Common Fund Fee Because it is Reasonable and Fair.</u>**

16

17        Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel will request by
18 separate motion a 25% common fund fee as part of the final approval process.  The
19 compensation sought by Class Counsel is reasonable and consistent with the Ninth
20 Circuit's position that in determining what constitutes a fair and reasonable percentage
21 of the settlement for purposes of calculating common fund attorney's fees, the court
22 should use a benchmark percentage of 25% of the total fund.  <u>Vizcaino v. Microsoft</u>
23 <u>Corp.</u>, 290 F.3d 1043, 1047 (9th Cir. 2002); <u>Williams v. MGM-Pathe Communications</u>
24 <u>Co.</u>, 129 F.3d 1026, 1027 (9th Cir. 1997) (awarding 33 percent of total fund amount); <u>In</u>
25 <u>Re Pac. Enter. Sec. Litig.</u>, 47 F.3d 373, 379 (9th Cir. 1995) (affirming 33 percent fee
26 award); <u>Torrisi v. Tucson Elec. Power Co.</u>, 8 F.3d 1370, 1376 (9th Cir. 1993)
27 (observing that 25 percent of common fund allocated to attorney's fees is a benchmark
28 in the Ninth Circuit); <u>Six Mexican Workers v. Arizona Citrus Growers</u>, 904 F.2d 1301,

1311 (9th Cir. 1990); <u>In Re Activision Sec. Litig.</u>, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) (noting that fee awards in common fund cases "almost always hover[ ] around 30% of the fund created by the settlement"); <u>Newberg</u> § 14:6 at 551 ("fee awards in class actions average around one-third of the recovery").

This Court will find, after scrutinizing the settlement in light of the factors set forth above, that the Settlement is fair and should be preliminarily approved. The outcome of litigation is uncertain. Plaintiffs and the class face certain risks in going forward, especially given the possible application of the Motor Carrier Act to portions of the class on a going forward basis. As part of the settlement process, Plycon and Plaintiffs' counsel reviewed voluminous documents to calculate with reasonable certainty Plycon's total exposure and evaluate whether the proposed settlement is fair and reasonable. Further, approval of the settlement is proposed here by experienced and reputable employment class action counsel. <u>See</u> Malk Decl. ¶¶ 21-23[3]. When considered together, these factors support preliminary approval of the proposed class action settlement under Rule 23(e). Because the settlement is a "fundamentally fair, adequate, and reasonable" resolution of the disputed issues, it should be preliminarily approved by the Court through entry of the proposed Order.

**D.** **The Court Should Preliminarily Approve the FLSA Settlement As Fair and Reasonable.**

FLSA was enacted to protect workers from the poor wages and oppressive working hours that can result from the unequal bargaining power between employers and employees. <u>See</u> <u>Barrentine v. Arkansas-Best Freight Sys.</u>, 450 U.S. 728, 739 (1981); <u>Stalnaker v. Novar Corp.</u>, 293 F. Supp. 2d 1260 (M.D. Ala. 2003). When an employee brings a private action against an employer for back wages under 29 U.S.C. §

---

[3] Most recently, Ackermann and Malk were found to be competent class counsel, and appointed as class counsel in the overtime and meal break case of *Arcela et al v. Pacific American Fish Co.*, Los Angeles Superior Court Case No. BC375255.

216(b), the parties must present any proposed settlement to the district court for approval.  Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  If, after scrutinizing the proposed settlement, the district court concludes that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," it may enter a stipulated judgment.  Id. at 1355; Stalnaker, 293 F. Supp. 2d at 1263.

Settlements of FLSA claims in the context of a suit brought by employees are permissible because initiation of the action "provides some assurance of an adversarial context."  Lynn's Food Stores, 679 F.2d at 1354.  In such instances, the employees are likely to be represented by an attorney who can protect their rights under the statute, and thus, "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."  Id.  If the settlement reflects a reasonable compromise over issues, "such as FLSA coverage or computation of back wages," that are actually in dispute, the district court can approve the settlement in order to promote the policy of encouraging settlement of litigation.  Id.

As discussed above, this Settlement, which includes settlement of FLSA claims, is fair and reasonable and should be preliminarily approved by the Court.

**E.**     **The Court Should Direct Distribution of the Notice of Settlement.**

This Court should order distribution of the Class Notice in the manner described in the Settlement.  Federal Rule of Civil Procedure 23(e)(1)(B) requires the Court to direct notice to class members "in a reasonable manner."  See also, Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974).  Notice by mail provides adequate "individual notice to all members."  Id.  Where the names and addresses of the class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practicable.'"  Id. at 175.  If notice by mail is ordered and addresses are readily available, as here, publication of notice is not necessary and is, in fact, "duplicitous and serve[s] no purpose."  United States v. Truckee-Carson Irrigation Dist., 71 F.R.D. 10, 18 (D. Nev. 1975).

1  Here, the class members' names and addresses are easily ascertainable. The class

2  members are former or current employees of Plycon, whose names, addresses, and

3  social security numbers Plycon maintains in its personnel files. Although some class

4  members' name or address information may have changed, their Social Security

5  numbers have not. Social Security information will be used by Settlement Services, Inc.

6  to attempt to locate any class member whose notices are returned as undeliverable, and

7  the Settlement requires such attempts. <u>See</u> Malk Decl. ¶ 25. The experienced vendor

8  selected by the parties, Settlement Services, Inc., has demonstrated experience and

9  ability in providing class notice using United States mail and computer search

10  technology to locate class members whose mail is returned as undeliverable. <u>See id.</u> at ¶

11  7. The proposed class notice (filed herewith) fairly and accurately summarizes the

12  settlement and the Class Members' rights (including procedures for making claims,

13  opting in, opting out, or objecting to, the Settlement). Under these circumstances, the

14  Plaintiffs submits that notice by mail is sufficient to comply with the requirements of

15  Rule 23 and due process, and that notice as proposed should be approved.

16  Part of the Claim and Release Form is a consent to join, or opt in, for the FLSA

17  claims. The district court is authorized to facilitate notice and the distribution of opt-in

18  forms. <u>See</u> <u>Hoffmann-La Roche, Inc.</u>, 493 U.S. at 168-169; <u>Dybach</u>, 942 F.2d at 1567-

19  1568. The notice procedures here under 216(b) permit potential opt-in plaintiffs to

20  participate in the settlement by opting-in, and do not bind any other absent class

21  members to the outcome of the case or enforce any other waiver/release of FLSA claims

22  by non-participants.

23  **F.  <u>The Proposed Class Notice and Claims Process Are Appropriate.</u>**

24  Rule 23(c)(2)(B) provides the court must direct to class members the best notice

25  practicable under the circumstances, including individual notice to all members who can

26  be identified through reasonable effort. The notice must concisely and clearly state in

27  plain, easily understood language:

28  1. The nature of the action;

27

2.  the definition of the class certified;

3.  the class claims, issues or defenses;

4.  that a class member may enter an appearance through counsel if the member so desires;

5.  that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and

6.  the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. Rule 23(c)(2)(B); see also Hoffmann-LaRoche, Inc., 493 U.S. at 170 (collective action notice must be "accurate and timely.").

The content of the Proposed Notice[4] fully complies with due process and Fed. R. Civ. P. 23.  The Proposed Notice also complies with FLSA and will be deemed notice of the collective action.  It provides the definition of the Class, describes the nature of the action, including the class claims, and explains the procedures for contesting data relied on for making payments under the Settlement, and for making comments and objections.  The Notice provides specifics regarding the date, time, and place of the Final Approval Hearing, and informs Settlement Class members that they may enter an appearance through counsel.  The Notice also informs Class members how to exercise their rights and make informed decisions regarding the proposed Settlement, and tells them that if they do not opt out, the judgment will be binding upon them as to the California claims.  The Notice informs the Class about the application of Plaintiffs' Counsel for reimbursement of costs and attorneys' fees from the Maximum Settlement Amount.  The Class Notice describes the terms of the Settlement and informs Class Members how individual recoveries will be determined.

The detailed information in the Proposed Notice is more than adequate to put

---

[4] The Notice of Proposed Class Action Settlement and Settlement Hearing is attached as Exhibit B to the Settlement Agreement (Exhibit A to the Proposed Order).

class members on notice of the proposed settlement.  Courts have approved class notices even when they have provided only general information about a settlement.  See, e.g., Mendoza v. Tucson School Dist. No. 1, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards); cert. denied, 450 U.S. 912 (1981); In re Michael Milken & Assocs. Sec. Litig., 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only describe the terms of the settlement generally.")  The proposed Notice exceeds this bare minimum, fully complies with Rule 23(c)(2)(B) requirements, and provides more than adequate notice of the FLSA collective action pursuant to Hoffmann-LaRoche, 493 at 170.

**G.**      **The Court Should Set A Final Approval Hearing.**

Finally, this Court should set a hearing for final approval of the Settlement on a date appropriately scheduled to follow the date by which class members must file objections to the settlement, if any.  The Settlement provides that objections be filed no later than 30 days after the notice mailing, which if the Court preliminary approves the settlement on _____, would be _____.  Plaintiffs propose that in order for the parties to have time to review any objections and prepare responses, as well as any other papers supporting final approval, the Court set the final approval hearing on or after _____, and allow the parties to file any papers for the hearing fourteen (14) days before the hearing.  These dates would allow a reasonable period for mailed notice and for class members to submit claims and opt-in, object to and opt out of the settlement, but would not unduly delay the class members' receipt of their share of the settlement fund.

In sum, preliminary approval of the Settlement and entry of the proposed Order will "secure the just, speedy, and inexpensive determination" of this action, Federal Rule of Civil Procedure 1, and will meet the requirements of Federal Rule of Civil Procedure 23(e).

## VI.  PLAINTIFFS AND THE CLASS SHOULD NOT BE PREJUDICED BY DEFENDANTS' DELAY IN SIGNING THE JOINT STIPULATION

At the mediation, the  parties executed a Memorandum of Understanding Containing the pertinent settlement terms (see Exhibit D to Malk Declaration). Moreover, in an electronic mail message to plaintiff's counsel on September 26, 2008 (see Exhibit E to Malk Declaration), defense counsel Brian Mills confirmed his agreement to the Joint Stipulation with minor correction regarding typographic errors, and plaintiffs' counsel adopted all of Mills's changes. Malk Decl., ¶ 25.  Moreover, with the exception of this paragraph, defense counsel has reviewed, approved, made changes to, and consented to this motion. Malk Decl. ¶ 27.

Since then, Defendant has refused to sign the Joint Stipulation, despite repeated representations from Mills that the signature page will be immediately forthcoming. Malk Decl., ¶ 26  The reason for the late filing of the instant motion was Mills's reassurances that his client would be signing the agreement. Malk Decl., ¶ 26.  To date, however, Defendant has not signed the agreement.

Plaintiffs request that, if a fully executed agreement has not been submitted to this Court by November 3, 2008, that this Court set a deadline by which Defendant must execute the Joint Stipulation to which its counsel has already agreed.

## VII.  CONCLUSION

For the reasons discussed above, Plaintiffs requests that the Court issue preliminary approval of the class-action settlement, approve the form of the proposed notice, and approve the proposed schedule, including setting a date for a final approval hearing.

DATED:  October 29, 2008          ACKERMANN & TILAJEF, P.C.
                                  MICHAEL MALK, ESQ., APC

                                  By _____
                                       Craig Ackermann
                                       Michael Malk
                                       Attorneys for Plaintiffs